FILED

1    DANIEL J. BUSSEL (State Bar No.121939 ),
     MICHAEL L. TUCHIN (State Bar No. 150375), and
2    GRACE E. OH (State Bar No. 207535), Attorneys with
     BRENDT C. BUTLER (State Bar No. 211273)
3    KLEE, TUCHIN, BOGDANOFF & STERN LLP
     1880 Century Park East, Suite 200
4    Los Angeles, California 90067-1698
     Telephone:    (310) 407-4000
5    Facsimile:    (310) 407-9090

03 MAR 10 PM 4:04

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

BY RSCC 3

6    Reorganization Counsel for
     Debtors and Debtors in Possession
7
     Debtors' Mailing Address
8    27442 Portola Parkway, Suite 200
     Foothill Ranch, CA 92610
9

10              UNITED STATES BANKRUPTCY COURT
11               CENTRAL DISTRICT OF CALIFORNIA
                    LOS ANGELES DIVISION
12

13   In re:                              | Case No.:    LA 01-39678 BB through
                                                        LA 01-39697 BB
14                                         And          LA 01-45516 BB;
                                                        LA 01-45520 BB; and
15   FOUNTAIN VIEW, INC., a Delaware                    LA 01-45525 BB
     corporation, et al.                   (Jointly Administered under Case No. LA
16                                         01-39678 BB)

17                                         Chapter 11

18                                         NOTICE OF MOTION AND MOTION FOR
                                           ORDER TO AUTHORIZE AND APPROVE: (A)
19                Debtors.                  ADEQUACY OF "DEBTORS' DISCLOSURE
                                           STATEMENT REGARDING JOINT PLAN OF
20                                         REORGANIZATION DATED MARCH 10,
                                           2003"; (B) FORM, SCOPE, AND NATURE OF
21                                         SOLICITATION, BALLOTING, TABULATION,
                                           AND NOTICES WITH RESPECT THERETO;
22                                         AND (C) RELATED CONFIRMATION
                                           PROCEDURES, DEADLINES, AND NOTICES;
23                                         MEMORANDUM OF POINTS AND
                                           AUTHORITIES;  DECLARATION OF BOYD
24                                         HENDRICKSON

25                                         **Hearing Set For:**

26                                         DATE:     April 15, 2003
                                           TIME:     2:00 p.m.
27                                         PLACE     Roybal Federal Building
                                                     255 E. Temple St, Rm. 1475
28                                                   Los Angeles, CA 90012

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698
(310) 407-4000

ORIGINAL

576611

# TABLE OF CONTENT.

|  |  |  | Page |
|---|---|---|---|
| I. | STATEMENT OF FACTS | | 19 |
| II. | ARGUMENT | | 19 |
| | A. | The Disclosure Statement Provides Adequate Information. | 20 |
| | B. | The Proposed Procedures for the Form, Scope, and Nature of Solicitation, Balloting, Tabulation, and Notices are Reasonable and Appropriate | 23 |
| | | 1. Distribution of the Solicitation Package is Appropriate Under Bankruptcy Rule 3017(d). | 23 |
| | | 2. Publication of the Notice Regarding the Confirmation Hearing is Appropriate Under Bankruptcy Rules 2002(i) and 9008. | 24 |
| | | 3. The Proposed Procedures for Transmitting the Solicitation Package to Beneficial Owners of 11¼% Notes is Appropriate Under Bankruptcy Rule 3017(e). | 25 |
| | | 4. The Proposed Record Date Is Appropriate Under Bankruptcy Rules 3017(d) and 3018(a). | 25 |
| | | 5. The Proposed Form of Confirmation Hearing Notice, Publication Notice, And Ballots Is Appropriate Under Bankruptcy Rule 3017(d). | 27 |
| | | 6. The Proposed Balloting Deadline Is Appropriate Under The Circumstances. | 27 |
| | | 7. The Proposed Procedures for Balloting and Tabulation of Votes are Appropriate under the Circumstances. | 28 |
| | C. | The Proposed Procedures And Deadlines For Briefing And The Confirmation Hearing Are Reasonable And Appropriate. | 28 |
| III. | CONCLUSION | | 28 |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698
(310) 407-4000

57661 1

# FEDERAL CASES

Chemtron Corp. v. Jones
   72 F.3d 341 (3d Cir. 1995) ................................................................. 4, 24

Menard-Sanford v. Mabey (In re A.H. Robins Co.)
   880 F.2d 694 ........................................................................................... 20

In re Metrocraft Public Services Inc.
   39 B.R. 567 (Bankr. N.D. Ga. 1984) ................................................... 21

Mullane v. Central Hanover Bank & Trust Co.
   339 U.S. 306 (1950) .......................................................................... 4, 24

In re Reilly
   71 B.R. 132 (Bankr. D. Mont. 1987) ................................................... 21

In re Texas Extrusion Corp.
   844 F.2d 1142 (5th Cir. 1988) ............................................................. 20

# STATUTES

11 U.S.C. § 1107 ........................................................................................ 19

11 U.S.C. § 1108 ........................................................................................ 19

11 U.S.C. § 1125 ........................................................................... 1, 20, 23

11 U.S.C. § 1125(a) .................................................................................. 1, 20

11 U.S.C. § 1125(b) ..................................................................................... 20

11 U.S.C. § 1126(a) ..................................................................................... 28

# RULES

Bankruptcy Rule 1007(i) ................................................................................. 5

Bankruptcy Rule 2002(b) .............................................................................. 28

Bankruptcy Rule. 2002(i) ............................................................................... 24

Bankruptcy Rule. 3017 ..................................................................... 1, 25, 26

Bankruptcy Rule 3017(c) ...................................................................... 27, 28

Bankruptcy Rule 3017(d) ....................................................... 23, 25, 26, 27

Bankruptcy Rule 3017(e) .............................................................................. 25

Bankruptcy Rule. 3018 ....................................................................... 1, 26

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698
(310) 407-4000

576611.1

1  Bankruptcy Rule 3018(a) ........................................................................... 11, 25, 26

2  Bankruptcy Rule 3018(c) ........................................................................................ 27

3  Bankruptcy Rule 3018(d) ........................................................................................ 26

4  Bankruptcy Rule. 3020(b) ........................................................................................ 28

5  Bankruptcy Rule. 9007 ......................................................................................... 1, 27

6  Bankruptcy Rule. 9008 ....................................................................................... 1, 3, 24

7                                          **LOCAL RULES**

8  Bankruptcy Rule 3017-1(a) .................................................................................. 1, 16

9  Bankruptcy Rule 9013-1(a)(11) ............................................................................... 17

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

1  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

2  **JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE OFFICIAL**

3  **COMMITTEE OF UNSECURED CREDITORS; THE OFFICIAL NOTEHOLDERS**

4  **COMMITTEE; THE DEBTOR'S SECURED LENDERS; THE DEBTOR'S**

5  **CREDITORS; THE DEBTOR'S EQUITY HOLDERS; THE SECURITIES AND**

6  **EXCHANGE COMMISSION; AND ALL OTHER PARTIES ENTITLED TO**

7  **NOTICE:**

8       **PLEASE TAKE NOTICE** that on April 15, 2003, at 2:00 p.m., or as soon

9  thereafter as counsel may be heard, before the Honorable Sheri Bluebond, United States

10  Bankruptcy Judge, a hearing will be held on the *Motion For Order Authorizing And*

11  *Approving: (A) Adequacy of Debtors' "Disclosure Statement Regarding Joint Plan Of*

12  *Reorganization Dated March 10, 2003"; (B) Form, Scope, And Nature of Solicitation,*

13  *Balloting, Tabulation, And Notices With Respect Thereto; And (C) Related Confirmation*

14  *Procedures, Deadlines, And Notices* (the "Motion"), filed by Fountain View, Inc. and its 22

15  debtor affiliates, the debtors and debtors in possession in the above-captioned jointly

16  administered chapter 11 cases (collectively, the "Debtors").

17       By this Motion, the Debtors request that the Court enter an order, pursuant to

18  Bankruptcy Code section 1125, Rules 3017, 3018, 9007, and 9008 of the Federal Rules of

19  Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Bankruptcy

20  Rules of the United States Bankruptcy Court for the Central District of California (the "Local

21  Rules"), granting the following relief:

22       1.    **Approval of Disclosure Statement:** Finding that the *Debtors'*

23  *Disclosure Statement Regarding Joint Plan of Reorganization Dated March 10, 2003* (the

24  "Disclosure Statement") contains "adequate information" within the meaning of Bankruptcy

25  Code section 1125(a).

26       2.    **Authorization to Disseminate Disclosure Statement:** Authorizing the

27  Debtors to disseminate the Disclosure Statement to parties in interest pursuant to the

28  procedures set forth in this Motion.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698
(310) 407-4000

57661.1

3. **Limitation of Service of the Solicitation Package:** Authorizing the
Debtors to disseminate the Disclosure Statement, the *Debtors' Joint Plan of Reorganization
Dated March 10, 2003* (the "Plan"),[1] and related notices and solicitation materials, and
limiting the required service of such materials, as follows:

    a.    On or before April 30, 2003 (the "Service Date"), the Debtors will
serve a "Solicitation Package" consisting of: (1) the Disclosure Statement; (2) the
Plan; (3) a notice of (x) the Court's order approving the adequacy of the Disclosure
Statement, (y) the scheduled hearing date regarding confirmation of the Plan (the
"Confirmation Hearing Date"), and (z) the deadlines for voting, filing objections, and
submitting evidence in connection therewith, substantially in the form of the proposed
notice attached hereto as <u>Exhibit A1</u> (the "Confirmation Hearing Notice");[2] (4) any
cover letters in support of the Plan; and (5) an appropriate ballot or ballots (if the
intended recipient is in a class that is entitled to vote on the Plan), as described in
Section 7, below, on the following entities:

    i.    All known creditors (1) that have filed a proof of claim in
the Debtors' cases (other than claims that have been disallowed, waived,
or withdrawn by order of the Court, stipulation, or otherwise), or (2) if no
such proof of claim has been filed, on whose behalf the Debtors
scheduled a claim in their respective Schedules;

    ii.    All known holders of the 11¼% Notes (the "Public
Noteholders") existing as of the Record Date (as defined in Section 6.b,
below), to be served in accordance with the procedures set forth in
Section 6, below;

    iii.    All non-debtor parties to unexpired leases and executory

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

[2] The Debtors will submit and serve all of the exhibits to the Disclosure Statement and this Motion on or before April 1, 2003, which will give the Court and parties in interest approximately 14 days to consider these exhibits.

contracts other than parties to the Resident Agreements;

    iv. All parties who have requested special notice in these cases (collectively, the "Special Notice Parties");

    v. The Office of the United States Trustee and the governmental entities enumerated in Bankruptcy Rule 2002(j);

    vi. Counsel for the Creditors' Committee and counsel for the Noteholders' Committee; and

    vii. all known holders (the "Shareholders") of the Debtors' preferred stock, common stock, warrants, options, and/or other equity Interests existing as of the Petition Date.

    b. By the Service Date, the Debtors will cause an abbreviated notice of the Confirmation Hearing Date, and the means for obtaining more information in connection therewith, in substantially the form of the proposed notice attached hereto as <u>Exhibit A2</u> (the "Publication Notice"), to be published at the expense of the Estates one time in the <u>Wall Street Journal (national edition)</u>, <u>Los Angeles Times</u>, <u>Orange County Register</u>, <u>Fresno Bee</u>, <u>Houston Chronicle</u>, <u>Dallas Morning News</u>, <u>Fort Worth Star-Telegram</u> and <u>Austin Statesman</u>. The Publication Notice will also be posted in each of the Debtors' 48 long-term care facilities. The Debtors intend to assume each of their thousands of Resident Agreements[3] under the Plan and believe that there has been no default in any of these agreements and that no cure amounts are owing. Nonetheless, parties to the Resident Agreements will have the opportunity to object to the assumption of their agreement in the manner set forth in the Confirmation Hearing Notice. With respect to publishing notice, Federal Rule of Bankruptcy Procedure 9008 provides that "[w]henever these rules require or authorize service or notice by

---

[3] Upon admission to one or more of the Debtors' long-term care facilities, each resident (or appropriate representative of such resident) executes a Resident Agreement establishing the terms and conditions of such resident's admission and residency in the Debtors' facility.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications." Such notice as is proposed herein is appropriate under the circumstances and consistent with the notice procedures approved by the Court in this case in connection with the Order fixing August 30, 2002 as the last date for timely filing of proofs of claim. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Chemtron Corp. v. Jones, 72 F.3d 341 (3d Cir. 1995) (finding notice by publication sufficient to discharge environmental claims of former residents).

4.    **Filing of Plan Related Documents:** Authorizing the Debtors to file such other plan related documents in the manner set forth below:

a.    By the first business day that is at least twenty (20) days prior to the Confirmation Hearing Date, the Debtors will file their Amended Schedule of Assumed or Assigned Agreements and Amended Schedule of Rejected Agreements, as defined in the Plan (collectively, the "Amended Contract Schedules"), and will serve the Amended Contract Schedules on the Special Notice Parties, and the non-debtor parties to the executory contracts and unexpired leases identified in the Amended Contract Schedules whose treatment differs from that provided in the Exhibits attached to the Solicitation Package.

b.    By the first business day that is at least ten (10) days prior to the Confirmation Hearing Date, the Debtors will file the other Exhibits required in the Plan to be filed by such date and will serve such Exhibits on the Special Notice Parties.

5.    **Approval of Form of Notices:** Approving the form of, and authorizing the Debtors to transmit, the Confirmation Hearing Notice and the Solicitation Package, and approving the form of, and authorizing the Debtors to cause, the publication of the Publication Notice, in accordance with the procedures requested by the Debtors in this Motion.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

6. **Approval of Procedures for Transmittal of Solicitation Package to Public Noteholders:** Before commencing its chapter 11 case, Fountain View, Inc. issued the 11¼% Notes, which were publicly traded debt securities. Class 9 is comprised entirely of claims with respect to the 11¼% Notes. The owners of record for these securities are largely financial institutions. The Debtors believe that, as is customary with respect to publicly traded securities, these institutions hold a large portion of the 11¼% Notes in "street name" on their own behalf and on behalf of their customers, who are known as the "beneficial owners" of the securities. In other words, the securities are registered in the name of these institutional nominees, who keep private records of the beneficial owners for whom they hold the securities. Record holders generally are unable to provide the names and addresses of beneficial holders to third parties such as the Debtors unless the beneficial holder specifically has authorized the release of such information.

The Debtors therefore cannot obtain lists of the beneficial holders of the 11¼% Notes without an order of the Court pursuant to Bankruptcy Rule 1007(i). The Debtors believe that seeking to obtain such an order generally leads to extensive litigation and substantial delay. Accordingly, both in and out of the bankruptcy context, the solicitation of beneficial holders of publicly traded securities typically is facilitated by and through the record owners of those securities. Most holders of shares in street name use ADP Proxy Services ("ADP") to handle beneficial owner voting solicitations in connection with matters such as voting to approve or disapprove mergers and acquisitions or to accept or reject a plan of reorganization. ADP maintains a confidential database of beneficial holders, which it updates periodically, and it mails the voting solicitation.

The Debtors believe that it is industry practice for institutional nominees themselves to distribute materials in connection with an economic election such as cash and stock elections in connection with a merger and acquisition. For example, if a merger and acquisition is subject to shareholder approval and the proposed transaction provides

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

shareholders with an option to take either cash or stock in exchange for their existing shares of
stock, ADP will typically be used to distribute the voting materials with respect to the
proposed merger and acquisition while the institutional nominees will themselves separately
distribute the materials with respect to the election between cash and stock.

In recognition of these complexities, the Federal Rules of Bankruptcy Procedure
specifically authorize the Court to consider procedures for transmitting solicitation materials
to the beneficial holders of securities, to determine their adequacy, and to enter appropriate
orders with respect thereto.[4]  The procedures described in this section for transmitting the
Solicitation Package and ballots to holders of 11¼% Notes are designed to ensure that:  (i)
beneficial owners of 11¼% Notes are given a reasonable opportunity to vote on the Plan; and
(ii) the votes recorded with respect to the Claims for principal and interest arising under the
11¼% Notes properly reflect the intentions of beneficial owners of the 11¼% Notes while
also comporting with industry practices.  The Order granting this Motion will direct the
institutional nominees to comply with these procedures.

> a.  **Distribution of Solicitation Package:**  The Debtors will retain a
> voting agent (the "Voting Agent") to oversee the distribution of the Solicitation
> Package to the Public Noteholders.  (The Debtors intend to use Shanda Pearson,
> Paralegal, at Klee, Tuchin, Bogdanoff & Stern LLP, to serve as voting tabulator and
> recipient of ballots from all other classes entitled to vote under the Plan.)
>
> b.  **Identification of Record Holders:**  Subject to this Court's
> approval, the Debtors have selected April 15, 2003 as the Record Date for determining
> the holders of the 11¼% Notes for purposes of the Plan.  Five business days prior to
> the Service Date, the Voting Agent will dispatch a written or electronic inquiry to the
> banks, brokers, dealers, financial institutions known to be holders of record of 11¼%
> Notes (or to their duly authorized agents, including ADP) requesting that as of the

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

---

[4]  See Fed. R. Bankr. P. 3017(e).

Record Date, they: (i) confirm whether they were record holders of 11¼% Notes as of the Record Date; and (ii) advise the Voting Agent as to the number of solicitation packages that they would need to transmit to each beneficial holder of 11¼% Notes as of the Record Date. The Voting Agent will direct these inquiries to the institutions (and/or their agents) set forth on a list provided by the Depository Trust Company ("DTC"), the entity that physically holds the 11¼% Notes and maintains a register of record holders. Based upon the responses to the Voting Agent's inquiry, the Voting Agent will develop a list of record holders as of the Record Date.

      c.    **Service of the Solicitation Packages and Ballots through the Institutional Nominees:** On or before the Service Date, the Voting Agent will dispatch to each of those record holders or their agents (collectively, the "Institutional Nominees"), in all probability through ADP, a Solicitation Package together with ballots to be completed by each beneficial holder of 11¼% Notes and returned to the Institutional Nominees (the "Beneficial Holder Ballots") as well as a ballot to be completed by the Institutional Nominees to summarize voting (the "Master Ballots"). The Voting Agent will deliver to each such Institutional Nominee the number of Solicitation Packages and Beneficial Owner Ballots requested by that Institutional Nominee in response to the voting agent's initial inquiry, along with a self-addressed return envelope (addressed to the Voting Agent) for each Institutional Nominee to return its Master Ballot. The instructions set forth in these materials will direct the Institutional Nominees to send to each of their beneficial holders no later than May 9, 2003, by first class mail, the Solicitation Package, a Beneficial Holder Ballot, and a self-addressed envelope addressed to the Institutional Nominee. Consistent with industry practice, most Institutional Nominees will likely distribute these materials through ADP.

      The Beneficial Holder Ballot will direct each beneficial holder to return

7

its ballot to the Institutional Nominee from which it received that ballot, on or before the May 9, 2003. Pursuant to the express terms of the Beneficial Holder Ballots, each beneficial holder of 11¼% Notes executing such a ballot will authorize the Institutional Nominee to transmit an acceptance or rejection of the Plan on its behalf, in accordance with the vote set forth on each such beneficial holder's Beneficial Holder Ballot. Beneficial owners will be instructed to return separate Beneficial Holder Ballots to the appropriate Institutional Nominee with respect to 11¼% Notes that may have been held through more than one record holder. Beneficial holders will also be advised that any vote to accept or reject the Plan that is the subject of a dispute, would not be counted unless otherwise ordered by the Court.

          i.    **Use of Master Ballots:** Each Institutional Nominee will be instructed to summarize the votes received by beneficial holders on the Master Ballot and to return the Master Ballot to the Voting Agent no later than May 30, 2003 (the "Master Ballot Deadline"). Each Institutional Nominee will be required to certify, among other things, that it distributed the Solicitation Package to beneficial holders no later than May 9, 2003, that it was duly authorized to transmit the acceptances and rejections set forth on the Master Ballot on behalf of beneficial owners (and the nature of that authorization), and that the Master Ballot reflects the votes timely received from beneficial owners; provided that the vote transmitted on behalf of each beneficial holder is in an amount that does not exceed the actual amount of 11¼% Notes held by such beneficial holder as of the Record Date. To develop an appropriate factual record in the event of any discrepancy, Institutional Nominees will be asked to identify each voting party by customer name or number, certify the amount of 11¼% Notes beneficially owned by such customer as of the Record Date, and to separately transcribe the amount of 11¼% Notes purportedly cast on the

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

Beneficial Holder Ballot by such customer.

        ii.    **Prevalidated Ballots:** Alternatively, Institutional Nominees will be given the option of arranging for beneficial owners to vote by returning ballots directly to the Voting Agent. This is a less common but accepted method of conducting beneficial holder solicitations in the securities industry. Pursuant to this procedure, Institutional Nominees will be permitted to prevalidate and execute an appropriate ballot (as to the amount of 11¼% Notes held as of the Record Date), by distributing a copy of the Disclosure Statement and such executed ballot to each of its beneficial owners by May 9, 2003 or as soon thereafter as is practicable, and by directing such beneficial owners to return their prevalidated and executed Beneficial Owner Ballots directly to the Voting Agent by the Voting Deadline.

        d.    **Tabulation of Ballots:** Promptly after receiving all Master Ballots and, if applicable, prevalidated ballots, the Voting Agent will tabulate these ballots solely with respect to Class 9 (11¼% Notes) and prepare a Plan Ballot Summary with respect to Class 9 in substantially the form of Official Form F 3017. The Voting Agent will promptly forward this Plan Ballot Summary to Shanda D. Pearson, Paralegal/Ballot Tabulator, for inclusion in the Plan Ballot Summary to be filed with this Court with respect to all Classes entitled to vote to accept or reject the Plan.

        e.    **Payment of Fees, Commissions or other Remuneration:** The Debtors will be authorized, without further notice or order of the Court, to reimburse the Voting Agent and the Institutional Nominees for their actual, necessary, and reasonable expenses incurred in performing the above-noted services. The Debtors, however, will not pay any fees, commissions, or other remuneration to Institutional Nominees for such services.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

7.    **Approval of Forms of Ballots:**  Approving and authorizing the Debtors to use the following forms of ballot for voting on the Plan:  (i) the ballot for Class 2 (Woodlands Place Nursing Center, L.P.), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B2</u>; (ii) the ballot for Class 6 (Bergen), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B6</u>; (iii) the ballot for Class 9 (11¼% Notes), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B9</u> and the Master Ballot related to Class 9 Claims in substantially the form attached hereto as <u>Exhibit B9-a</u>; (iv) the ballot for Class 10 (General Unsecured Claims), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B10</u>; (v) the ballot for Class 12 (Insured Professional Liability Claims), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B12</u>; (vi) the ballot for Class 13 (Uninsured Punitive Damage Claims and Other Subordinated Liabilities), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B13</u>; (vii) the ballot for Class 14 (Existing Preferred Stock), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B14</u>; (viii) the ballot for Class 15 (Existing Class A Common Stock), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B15</u>; (ix) the ballot for Class 17 (Existing Class C Common Stock), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B17</u>; and (i) the ballot for Class 18 (Existing Warrants), substantially in the form of the proposed ballot attached hereto as <u>Exhibit B18</u>.

8.    **Approval of Procedures for Balloting and Tabulation of Ballots:** Approving and authorizing the Debtors to employ the following procedures for balloting and for the tabulation of ballots with respect to the Plan:

      a.    The amount of a claim or interest for the purposes of ballot tabulation will be:

            i.    *For a claim or interest identified in the Schedules as not contingent, not unliquidated, and not disputed, and that has not been disallowed, waived, or withdrawn by order of the Court, stipulation, or*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

*otherwise prior to the Confirmation Hearing, and for which no proof of claim has been filed timely*, the claim or interest amount as identified in the Schedules (the "Scheduled Amount");

ii.    *For a timely proof of claim or proof of interest that is filed in a specified liquidated amount and that is not the subject of an objection filed before the Confirmation Hearing or that has not been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise prior to the Confirmation Hearing*, the specified liquidated amount in such proof of claim or proof of interest (the "Liquidated Amount");

iii.    *For a claim or interest that is the subject of an objection in whole or in part before the Confirmation Hearing*, only the undisputed amount, if any, of such claim or interest, unless such claim or interest is temporarily allowed under Bankruptcy Rule 3018(a).

b.    If an entity submits a ballot for a claim or interest (i) for which there is no timely proof of claim or proof of interest filed and for which there is no corresponding Scheduled Amount, or (ii) which is the subject of an unresolved objection filed prior to the Confirmation Hearing, such ballot will not be counted unless otherwise ordered by the Court.

c.    Creditors that have claims and/or interests in more than one class under the Plan must submit a separate ballot for voting their claims and/or interests in each such class. Any creditor that requires additional copies of a ballot either may photocopy the original ballot or obtain an additional ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the proposed ballots. **If a creditor uses one ballot to vote claims and/or interests in more than one class, such combined ballot will not be counted.**

d.    If an entity casts more than one eligible ballot with respect to the

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

same claim or interest before the Balloting Deadline, as established below, the last ballot received prior to that deadline shall supersede any prior ballot(s) by such entity with respect to such claim or interest.

e.      Any ballot that is incomplete or that is not received by the applicable deadline shall not be counted; provided, however, that any ballot that is signed but that does not indicate an acceptance or rejection of the Plan shall be deemed to be a ballot accepting the Plan.

f.      Shanda Pearson, a paralegal at Klee, Tuchin, Bogdanoff & Stern LLP, (the "Ballot Tabulator"), or such other person designated by the firm, shall tabulate the ballots and prepare the appropriate reports with respect thereto. After tabulation of the ballots, a Plan Ballot Summary, in substantially the form of Official Form F 3017, will be submitted.

g.      Pursuant to the Plan, the deadline for objecting to claims or interests is after the Confirmation Hearing Date. As a result, creditors and interest holders may not rely on the absence of an objection to their proofs of claim or proofs of interest in determining whether to vote to accept or reject the Plan or as any indication that the Debtors ultimately will not object to the amount, priority, security, or allowability of such claims or interests.

9.      **Fixing of Requisite Dates, Deadlines, and Briefing Procedures:** Establishing (i) the Record Date for holders of 11¼% Notes; (ii) the deadline for filing claim objections for voting purposes; (iii) deadlines for determination of motions for allowance of claim for voting purposes; (iv) deadlines for determination of motions to determine impaired status of claim (v) the Balloting Deadline (defined below) for receipt of ballots to accept or reject the Plan; (vi) the deadline for filing the Plan Ballot Summary with the Court; (vii) the Confirmation Hearing Date; (viii) the last date for filing a memorandum in support of confirmation of the Plan; (ix) the last dates for filing objections to confirmation of the Plan

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

and responses thereto; and (x) related procedures; as follows:

          a.     April 15, 2003 will be the Record Date for the holders of 11¼% Notes.

          b.     April 30, 2003 will be the last day for timely filing of an objection to a claim or interest for voting purposes only.

          c.     May 12, 2003 will be the last day for timely filing of a motion to allow for voting purposes a claim subject to objection. May 23, 2003 will be the last day for timely filing of a response to such a motion. Timely filed motions to allow a claim for voting purposes will be heard on or before May 26, 2003. No vote may be cast by the holder of a claim subject to objection or listed as disputed, contingent or unliquidated on the Debtors' Schedules unless an order of the Court allowing such claim for voting purposes is entered on or before the Balloting Deadline, i.e. May 30, 2003.

          d.     May 12, 2003 will be the last day for timely filing of a motion to determine impaired status of a claim designated as unimpaired under the Plan. May 23, 2003 will be the last day for timely filing of a response to such a motion. Timely filed motions to determine impaired status of a claim designated as unimpaired under the Plan will be heard on or before May 26, 2003. No vote may be cast by the holder of a claim designated by the Plan as unimpaired unless an order of the Court determining such claim to be impaired is entered on or before the Balloting Deadline, i.e. May 30, 2003.

          e.     May 30, 2003, at 5:00 p.m. Pacific Time (the "Balloting Deadline"), will be the deadline by which ballots to accept or reject the Plan must be received from eligible creditors and interest holders. All ballots must be actually received by the Ballot Tabulator on or before the Balloting Deadline in order to be counted.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

f.    The Plan Ballot Summary will be submitted to the Court by three (3) Court days following the Balloting Deadline.

g.    June 27, 2003 at 10:00 a.m. Pacific Time, or such later date and time as the Court may set, will be the date and time for the Confirmation Hearing Date.

h.    The first business day that is at least twenty (20) days prior to the Confirmation Hearing Date will be the last date to file and serve any initial memoranda and evidence in support of confirmation of the Plan, which memoranda and evidence must be served upon the Debtors; the Debtors' reorganization counsel – Klee, Tuchin, Bogdanoff & Stern LLP, 1880 Century Park East, Suite 200, Los Angeles, California, 90067, Attn: Brendt C. Butler, Esq.; the Office of the United States Trustee, Ernst & Young Plaza, 725 South Figueroa Street, 26th Floor, Los Angeles, California 90017, Attn: Joseph Caceres, Esq.; counsel to the Creditors" Committee -  Sonnenschein, Nath & Rosenthal, 1221 Avenue of the Americas, New York, NY  10020-1089, Attn. Carole Neville, Esq.; counsel to the Noteholders' Committee - Akin, Gump, Strauss, Hauer & Feld L.L.P., 590 Madison Avenue, New York, NY  10022, Attn:  James R. Savin, Esq. And Michael Stamer, Esq.; and counsel to the Agent and Lenders - Chapman and Cutler, 111 West Monroe Street. Chicago, Illinois 60603 , Attn: James Spiotto.

i.    Except as provided in Section 9.j below, the first business day that is at least ten (10) days prior to the Confirmation Hearing Date will be the last date to file and serve any objections and evidence in opposition to confirmation of the Plan, which must:  (1) be served upon the parties set forth in Section 9.h, above; (2) be in writing and accompanied by a memorandum of points and authorities; and (3) set forth in detail the name and address of the party filing the objection, the grounds for the objection, any evidentiary support for the objection in the nature of declarations submitted under penalty of perjury, and the amount of the objector's claims or such other grounds that give the objector standing to assert the objection.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

14

j.      The last date to file and serve any objections and evidence in opposition to assumption (including any objections to the proposed cure payments specified therein) or rejection of the agreements specified on the Contract Schedules served with the Solicitation Package shall be the first business day that is at least twenty (20) days prior to the Confirmation Hearing Date. The last day to file and serve any objection and evidence in opposition to assumption or rejection of the agreements specified on the Amended Contract Schedules is the first business day that is the later of: (i) twenty (20) days before the Confirmation Hearing Date; or (ii) five (5) days after the Debtors file and serve any amendments to the Contract Schedules that is the subject of such objection.

k.      Any objection not timely filed and served will be deemed to be waived and to be a consent to the Court's entry of an order confirming the Plan.

l.      Any evidence that is not timely filed and served will be stricken from the record and will not be considered in determining any contested matter at the Confirmation Hearing.

m.      All declarants must be available, without need for subpoena, to appear for cross-examination at the Confirmation Hearing. The testimony of any declarant who is not present for cross-examination at the Confirmation Hearing will be stricken from the record and will not be considered in determining contested matters at the Confirmation Hearing.

n.      Responses to any objections to confirmation of the Plan may be filed and served three days before the Confirmation Hearing Date.

**PLEASE TAKE FURTHER NOTICE** that for the reasons set forth in the accompanying Memorandum of Points and Authorities, the relief requested by this Motion is authorized by the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and will facilitate and streamline the solicitation and confirmation process,

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

15

will increase the likelihood that all creditors and interest holders receive appropriate notice of the Plan and the Confirmation Hearing Date and, if appropriate, the opportunity to vote on the Plan, and, in the event that any party in interest objects to confirmation, will focus the issues and conserve the time and resources of the Court. Accordingly, the Debtors believe that the requested relief is fair, reasonable, and in the best interests of its estates.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon these moving papers; the annexed Memorandum of Points and Authorities and Declaration of Boyd Hendrickson ("Hendrickson Declaration"); the record in these cases, including the pleadings and documents filed on behalf of the parties; and such other matters as may be presented at or prior to the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that Federal Rules of Bankruptcy Procedure 3017(a) and 2002(b) and Local Bankruptcy Rule 3017-1 require that any objection to the Motion be filed with the Bankruptcy Court and served on the Debtors, their reorganization counsel, the Office of the United States Trustee, counsel for the Official Committee of Unsecured Creditors, counsel for the Noteholders Committee, and counsel for the Debtors' secured lenders **no later than 11 days before the hearing on the Motion (i.e., no later than April 4, 2003).** The addresses for these entities are listed below:

> Clerk of the Court
> United States Bankruptcy Court
> Clerk's Office Operations
> Records and Intake
> U.S. Federal Building – First Floor
> 300 North Los Angeles Street
> Los Angeles, CA  90012
>
> Debtors' Reorganization Counsel
> Klee, Tuchin, Bogdanoff & Stern LLP
> Attn: Brendt C. Butler
> 1880 Century Park East, Suite 200
> Los Angeles, CA  90067
> Facsimile: (310) 407-9090

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

Debtors
Fountain View, Inc.
Attn: Roland Rapp
27442 Portola Parkway, Suite 200
Foothill Ranch, CA 92610

Office of the United States Trustee
Attn:  Joseph Caceres, Esq.
221 N. Figueroa Street, Suite 800
Los Angeles, CA  90012

Unsecured Creditors' Committee Counsel
Sonnenschein, Nath & Rosenthal
Attn. Carole Neville, Esq.
1221 Avenue of the Americas
New York, NY  10020-1089

Noteholders' Committee Counsel
Akin, Gump, Strauss, Hauer & Feld L.L.P.
Attn: James R. Savin, Esq. and
Michael S. Stamer, Esq.
590 Madison Avenue
New York, NY  10022

Bank Group Counsel
Chapman and Cutler
Attn. James Spiotto
111 West Monroe Street
Chicago, Illinois 60603

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court is permitted, under Local Bankruptcy Rule 9013-1, to deem that the failure to timely file and serve a written opposition to the Motion constitutes consent to the relief requested therein.

**PLEASE TAKE FURTHER NOTICE** that you may request a copy of the Motion, the *Debtors' Disclosure Statement Regarding Joint Plan of Reorganization Dated March 10, 2003,* and/or the *Debtors' Joint Plan of Reorganization Dated March 10, 2003,* or any amendments to that plan and disclosure statement by sending a written request to the Debtors' reorganization counsel at the following address:

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

17

1

2

3

4

5

6

7

8

9

10

11

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Debtors' Reorganization Counsel
Klee, Tuchin, Bogdanoff & Stern LLP
Attn: Shanda D. Pearson, Paralegal
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Facsimile: (310) 407-9090

**WHEREFORE**, the Debtors respectfully request that the Court enter an order

granting the above-noted relief and such other relief as is appropriate under the circumstances.

DATED: March 10, 2003

_____
DANIEL J. BUSSEL, an Attorney with
KLEE, TUCHIN, BOGDANOFF & STERN LLP
Reorganization Counsel for
Debtors and Debtors in Possession

18

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

On October 2, 2001, Fountain View, Inc. and nineteen of its subsidiaries filed voluntary petitions under chapter 11 of the Bankruptcy Code. On November 28, 2001, voluntary chapter 11 petitions were filed for three additional Fountain View, Inc. subsidiaries. Since these times, the Debtors have operated their business and managed their affairs as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. Pursuant to a motion by the Debtors, the Court established August 30, 2002, as the bar date for filing proofs of claim and interest against the Debtors.

On March 10, 2003, the Debtors filed their Disclosure Statement and their Plan. In order to facilitate and streamline the solicitation and confirmation process with respect to the Plan, and to increase the likelihood that all creditors and interest holders receive notice of the Plan, the Disclosure Statement, and the Confirmation Hearing and, if appropriate, the opportunity to vote on the Plan, the Debtors have proposed the notice and solicitation procedures set forth in the accompanying Motion.

## II.

## ARGUMENT

By the Motion, the Debtors request that the Court (a) approve the adequacy of the information in the Disclosure Statement; (b) approve and authorize the implementation of specified procedures for the form, scope, and nature of solicitation, balloting, tabulation, and notices with respect to the Plan; and (c) establish specified procedures and deadlines for briefing and for the Confirmation Hearing. For the reasons set forth below, all of such requested relief is appropriate and authorized by the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

**A.    The Disclosure Statement Provides Adequate Information.**

Bankruptcy Code section 1125(b) provides that "[a]n acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C. § 1125(b).  The Bankruptcy Code defines "adequate information" as follows:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. § 1125(a).

The determination of whether a particular disclosure statement provides "adequate information" is "subjective and made on a case by case basis . . . [and] . . . is largely within the discretion of the bankruptcy court." In re Texas Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir. 1988); accord, e.g., Menard-Sanford v. Mabey (In re A.H. Robins Co.), 880 F.2d 694, 696 (4th Cir. 1989).  Nevertheless, in determining whether the "adequate information" requirements of section 1125(b) have been satisfied in a particular case, courts frequently investigate whether the disclosure statement provides descriptions of the following information:

(1)    the events which led to the filing of a bankruptcy petition;

(2)    a description of the available assets and their value;

(3)    the anticipated future of the company;

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

1        (4)    the source of information stated in the disclosure statement;

2        (5)    a disclaimer;

3        (6)    the present condition of the debtor while in Chapter 11;

4        (7)    the scheduled claims;

5        (8)    the estimated return to creditors under a Chapter 7 liquidation;

6        (9)    the accounting method utilized to produce financial information

7    and the name of the accountants responsible for such information;

8        (10)    the future management of the debtor;

9        (11)    the Chapter 11 plan or a summary thereof;

10       (12)    the estimated administrative expenses, including attorneys' and

11   accountants' fees;

12       (13)    the collectability of accounts receivable;

13       (14)    financial information, data, valuations or projections relevant to

14   the creditors' decision to accept or reject the Chapter 11 plan;

15       (15)    information relevant to the risks posed to creditors under the plan;

16       (16)    the actual or projected realizable value from recovery of

17   preferential or otherwise voidable transfers;

18       (17)    litigation likely to arise in a nonbankruptcy context;

19       (18)    tax attributes of the debtor; and

20       (19)    the relationship of the debtor with affiliates.

21   In re Metrocraft Pub. Servs. Inc., 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984);

22   accord, e.g., In re Reilly, 71 B.R. 132, 134 (Bankr. D. Mont. 1987).

23   The Disclosure Statement provides extensive information about the Debtors'

24   chapter 11 cases and a detailed explanation of the Plan and the financial information and

25   assumptions that underlie the Plan.  Among other things, the Disclosure Statement sets forth

26   the following:

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

- A description of the events leading to the filing of the Debtors' chapter 11 petitions (Section VIII.H);

- Descriptions of the Debtors' assets and the values of such assets (Sections VIII.F and XIII.A, and Exhibits 6);

- Information regarding the anticipated future operations and performance of the reorganized Debtors (Sections IX.C, IX.D, and XI and Exhibits 3, 9, and 10);

- A detailed disclaimer regarding the Plan, the assumptions underlying the Plan, and future projections (Section II);

- A summary of significant events and the Debtors' performance during the bankruptcy cases (Section IX);

- A discussion of claims asserted against the Debtors (Sections VIII.F.2 and IX.A.14);

- The estimated return to impaired classes of creditors in a hypothetical chapter 7 liquidation (Section XII and Exhibit 5);

- The estimated reorganization value of the Debtors (Sections XI and XIII and Exhibit 7);

- A detailed summary of the operative provisions of the Plan (Section X);

- The Debtors' estimated administrative expenses and professional fees (Sections IX.A and X.A.1.a);

- Substantial financial information, including projected cash flow, balance sheet, and income statements (Exhibits 3, 4, 5, 6, 7, and 8);

- A discussion of the tax consequences of the Plan to the Debtors' creditors (Section XV);

- A detailed summary of non-bankruptcy legal proceedings by and against the Debtors (Sections IX.A.15 and IX.B and Exhibit 2); and

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

- A detailed discussion of the risks to creditors under the Plan (Section XIV)

The Disclosure Statement therefore clearly provides "adequate information" within the meaning of Bankruptcy Code section 1125 and should be approved for use in soliciting the votes of the Debtors' creditors.

**B.     The Proposed Procedures for the Form, Scope, and Nature of Solicitation, Balloting, Tabulation, and Notices are Reasonable and Appropriate.**

**1.     Distribution of the Solicitation Package is Appropriate Under Bankruptcy Rule 3017(d).**

Bankruptcy Rule 3017(d) requires that a plan proponent mail copies of the plan, the disclosure statement, and a notice regarding the deadlines for voting on the plan and the date of the confirmation hearing to all creditors and equity security holders. Fed. R. Bankr. P. 3017(d).   In accordance with Bankruptcy Rule 3017(d), the Debtors propose to send to all creditors, interest holders, and other parties in interest (other than parties to Resident Agreements) Solicitation Packages including the Plan and Disclosure Statement, the Confirmation Hearing Notice, and, if appropriate, a ballot.

As stated above, the Debtors intend to assume each of their thousands of Resident Agreements under the Plan and believe that there has been no default in any of these agreements and that no cure amounts are owing. The Debtors therefore submit that serving the thousands of aged and infirm persons (or their survivors, guardians, or conservators) that are parties to the Resident Agreements with the Solicitation Package is unnecessary and cost prohibitive. Notice by publication and posting of the Confirmation Hearing Notice is such notice as is appropriate under these circumstances and will provide these parties with the necessary information and deadlines to object to the assumption of the Resident Agreements. Finally, as set forth in the Confirmation Hearing Notice, parties to Resident Agreements will nonetheless have the opportunity to receive, at no charge, the full Solicitation Package by

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

23

1  sending a written request to the Debtors' reorganization counsel.

2        **2.     Publication of the Notice Regarding the Confirmation Hearing is**

3        **Appropriate Under Bankruptcy Rules 2002(i) and 9008.**

4        Bankruptcy Rule 2002(i) states that a bankruptcy court may order notice by

5  publication if it wishes to supplement notice by mail. Fed. R. Bankr. P. 2002(i) ("The court

6  may order notice by publication if it finds that notice by mail is impracticable or that it is

7  desirable to supplement the notice."). Whenever a court requires notice by publication,

8  Bankruptcy Rule 9008 indicates that the court shall determine the form and manner of the

9  service by publication, including the newspaper to be used and the number of publications.

10  Fed. R. Bankr. P. 9008 ("Whenever these rules require or authorize service or notice by

11  publication, the court shall, to the extent not otherwise specified in these rules, determine the

12  form and manner thereof, including the newspaper or other medium to be used and the

13  number of publications.").

14        To help provide all potential creditors and other parties in interest with notice of

15  the Confirmation Hearing and an opportunity to obtain copies of the Plan and Disclosure

16  Statement, the proposed procedures provide for the Debtors to cause the Publication Notice to

17  be published one time in the Wall Street Journal (national edition), Los Angeles Times,

18  Orange County Register, Fresno Bee, Houston Chronicle, Dallas Morning News, Fort Worth

19  Star-Telegram and Austin Statesman. The Publication Notice will also be posted in each of

20  the Debtors' 48 long-term care facilities. Such notice as is proposed is appropriate under the

21  circumstances and consistent with the notice procedures established by the Court in this case

22  in connection with its Order fixing August 30, 2002 as the last date for timely filing of proofs

23  of claim. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Chemtron

24  Corp. v. Jones, 72 F.3d 341 (3d Cir. 1995) (finding notice by publication sufficient to

25  discharge environmental claims of former residents).

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

### 3. The Proposed Procedures for Transmitting the Solicitation Package to Beneficial Owners of 11¼% Notes is Appropriate Under Bankruptcy Rule 3017(e).

Bankruptcy Rule 3017(e) provides that "[a]t the hearing held [regarding the adequacy of information in a disclosure statement], the court shall consider the procedures for transmitting the documents and information . . . to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of the procedures, and enter any orders the court deems appropriate." Fed. R. Bankr. P. 3017(e). The purpose of this rule is clear:

> *Subdivision (e)* is designed to ensure that appropriate measures are taken for the plan, disclosure statement, ballot, and other materials . . . to reach the beneficial holders of securities held in nominee name. Such measures may include orders directing the trustee or debtor in possession to reimburse the nominees out of the funds of the estate for the expenses incurred by them in distributing materials to beneficial holders. *In most cases, the plan proponent will not know the identities of the beneficial holders and therefore it will be necessary to rely on the nominal holders of the securities to distribute the plan materials to the beneficial owners.*

Fed. R. Bankr. P. 3017 (Advisory Committee's Note) (emphasis added).

The procedure proposed by the Debtors for the transmittal of the Solicitation Package to beneficial owners of 11¼% Notes is within the scope of Bankruptcy Rule 3017(e) in providing that the Institutional Nominees transmit Solicitation Packages to the beneficial owners. The proposed procedures are in the best interests of the Estates because they will ensure that the maximum number of beneficial owners receive the Solicitation Package and the opportunity to vote on the Plan.

### 4. The Proposed Record Date Is Appropriate Under Bankruptcy Rules 3017(d) and 3018(a).

Bankruptcy Rule 3017(d) provides that "[f]or the purposes of this subdivision,

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

25

1  creditors and equity security holders shall include holders of stock, bonds, debentures, notes,

2  and other securities of record on the date the order approving the disclosure statement is

3  entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R.

4  Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) similarly provides that a creditor or interest

5  holder whose claim is based upon a security "shall not be entitled to accept or reject a plan

6  unless the equity security holder or creditor is the holder of record of the security on the date

7  the order approving the disclosure statement is entered or another date fixed by the court, for

8  cause, after notice and a hearing." Fed. R. Bankr. P. 3018(d).

9        The Debtors do not know precisely when the order approving the Disclosure

10  Statement will be entered on the Court's docket.  As a result, because that date is uncertain, it

11  cannot feasibly be used as a record date for identifying the holders of $11\frac{1}{4}$% Notes in time to

12  permit a mailing of Solicitation Packages promptly after the entry of the order.  Accordingly,

13  the Debtors propose that April 15, 2003 (the date of the hearing on this Motion), at 5:00 p.m.

14  Pacific Time, be the Record Date, regardless of whether an order approving the Disclosure

15  Statement actually is entered on the docket on that date.

16        The use of a record date that is the same as the date of the hearing on approval

17  of the disclosure statement expressly is contemplated in the advisory committee notes to

18  Bankruptcy Rule 3017:

19          Subdivision (d) is amended to provide flexibility in fixing the
            record date for the purpose of determining the holders of
20          securities who are entitled to receive documents pursuant to this
            subdivision.  For example, if there may be a delay between the
21          oral announcement of the judge's order approving the disclosure
            statement and entry of the order on the court docket, the court
22          may fix the date on which the judge orally approves the
            disclosure settlement as the record date so that the parties may
23          expedite preparation of the lists necessary to facilitate the
            distribution of the plan, disclosure statement, ballots, and other
24          related documents.
25

26  Fed. R. Bankr. P. 3017 (Advisory Committee's Note); accord Fed. R. Bankr. P. 3018

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

1  (Advisory Committee's Note).

2            As such, the Court should approve the requested Record Date.

3            5.      **The Proposed Form of Confirmation Hearing Notice, Publication**

4                    **Notice, And Ballots Is Appropriate Under Bankruptcy Rule 3017(d).**

5            As noted above, Bankruptcy Rule 3017(d) requires that a proponent send to all

6  creditors and interest holders a notice of (a) the deadlines for balloting on the plan and for

7  objecting to confirmation, and (b) the procedures for obtaining a complete copy of the plan

8  and disclosure statement at the expense of the proponent.  Bankruptcy Rule 3017(d) further

9  requires that "a form of ballot conforming to the appropriate Official Form shall be mailed to

10 creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d);

11 see also Fed. R. Bankr. P. 3018(c) ("An acceptance or rejection shall . . . conform to the

12 appropriate Official Form.").

13           Both the Confirmation Hearing Notice and the Publication Notice provide the

14 information required by Bankruptcy Rule 3017(d).  Accordingly, the Court should approve

15 the form of those notices.  See Fed. R. Bankr. P. 9007 ("When notice is to be given under

16 these rules, the court shall designate . . . the form and manner in which the notice shall be

17 given.").

18           Similarly, the forms of ballot proposed by the Debtors conform in all material

19 respects with Official Bankruptcy Form 14, with modifications only to match the particular

20 needs of the various classes of creditors and interest holders that are entitled to vote on the

21 Plan.  The Court therefore also should approve the form of those ballots.

22           6.      **The Proposed Balloting Deadline Is Appropriate Under The**

23                   **Circumstances.**

24           Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the

25 disclosure statement, the court shall fix a time within which holders of claims and interest

26 may accept or reject the plan."  Fed. R. Bankr. P. 3017(c).  The Debtors therefore request that

27 the Court set May 30, 2003, at 5:00 p.m. Pacific Time, as the Balloting Deadline.  Because the

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

Debtors will serve the Solicitation Packages on or before April 30, 2003 the proposed
Balloting Deadline should provide creditors with enough time within which to review the
solicitation material and to cast ballots on the Plan.

### 7.    The Proposed Procedures for Balloting and Tabulation of Votes are Appropriate under the Circumstances.

Generally, only holders of allowed claims or interests are entitled to vote to
accept or reject a proposed plan of reorganization. See 11 U.S.C. § 1126(a). The Debtors
therefore have proposed the procedures set forth in Sections 6.d and 8 of the Motion to ensure
that only the votes of holders of allowed claims are counted in the tabulation of ballots on the
Plan. The Debtors submit that the proposed procedures are reasonable and appropriate under
the circumstances.

### C.    The Proposed Procedures And Deadlines For Briefing And The Confirmation Hearing Are Reasonable And Appropriate.

Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the
disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R.
Bankr. P. 3017(c). Similarly, Bankruptcy Rule 3020(b) provides that "[a]n objection to
confirmation of the plan shall be filed and served . . . within a time fixed by the court," Fed.
R. Bankr. P. 3020(b), and Bankruptcy Rule 2002(b) provides that the plan proponent must
provide at least twenty-five days notice of the deadline for filing such objections.

The Debtors submit that the proposed dates for the Confirmation Hearing, the
associated deadlines for objecting to the Plan and for responding to such objections, and the
related procedures set forth in the Motion fall within the scope of the above-noted rules and
are appropriate under the circumstances.

### III.

### CONCLUSION

For all of the foregoing reasons, the Debtors respectfully request that the Court
grant the Motion and order and authorize the relief requested above and such other relief as is

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698

appropriate under the circumstances.

DATED: March 10, 2003

_Brendt C Butler_

BRENDT C. BUTLER, an Attorney with
KLEE, TUCHIN, BOGDANOFF & STERN LLP
Proposed Reorganization Counsel for
Debtors and Debtors in Possession

## SUPPORTING DECLARATION OF BOYD HENDRICKSON

I, Boyd Hendrickson, declare as follows:

1.      I am over 18 years of age.  Except as otherwise indicated, if called as a witness, I could and would testify competently to the matters set forth herein.

2.      I submit this Declaration in support of the *Motion For Order Authorizing And Approving:  (A) Adequacy Of "Debtors' Disclosure Statement Regarding Joint Plan Of Reorganization Dated March 10, 2003"; (B) Form, Scope, And Nature Of Solicitation, Balloting, Tabulation, And Notices With Respect Thereto; And (C) Related Confirmation Procedures, Deadlines, And Notices* (the "Motion"), filed in the bankruptcy cases entitled *In re Fountain View, Inc., et al.*, and jointly administered under case number LA01-39678-BB in the United States Bankruptcy Court for the Central District of California.

2.      I serve as the CEO of Fountain View, Inc. and its twenty-two subsidiaries (collectively, the "Debtors").  I have over 30 years of experience in the healthcare industry.  Before joining the Debtors, I served in various senior management roles, including President and Chief Operating Officer of Beverly Enterprises, the nation's largest long-term healthcare company, co-founder, President and Chief Operating Officer of Care Enterprises and Chairman and Chief Executive Officer of Hallmark Health Services.  I recently joined the Debtors from Evergreen Healthcare, where I served as President and Chief Executive Officer.

3.      On March 10, 2003, the Debtors filed the *Debtors' Disclosure Statement Regarding Joint Plan of Reorganization Dated March 10, 2003* (the "Disclosure Statement") and the *Debtors' Joint Plan of Reorganization Dated March 10, 2003* (the "Plan").

4.      The Debtors' reorganization counsel, Klee, Tuchin, Bogdanoff & Stern LLP (including attorneys Michael L. Tuchin, Daniel J. Bussel, Grace E. Oh, and Brendt C. Butler), prepared the Disclosure Statement and the accompanying Plan at the direction of, and with the review, input, and assistance of, the Debtors' personnel and professionals,

1  including myself.

2       5.    All financial data referenced in the Disclosure Statement and

3  accompanying Plan has been generated by the Debtors from information in their books and

4  records.

5       6.    All facts and representations in the Disclosure Statement and the

6  accompanying Plan are true to the best of my knowledge.  To the best of my knowledge, the

7  Disclosure Statement includes facts that would be material to a creditor or equity security

8  holder in determining whether to vote to accept or reject the Plan.

9       7.    I believe that the relief requested in the Motion is in the best interests of

10  the Debtors' estates because it will facilitate and streamline the solicitation and confirmation

11  process with respect to the Plan and because it will increase the likelihood that all creditors

12  and interest holders receive notice of the Plan, the Disclosure Statement, and the hearing on

13  confirmation and, if appropriate, the opportunity to vote on the Plan.

14       I declare under penalty of perjury under the laws of the United States of

15  America that the foregoing is true and correct.

16       Executed in Foothill Ranch , California, this 7 day of March 2003.

17

18

19  BOYD HENDRICKSON

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am over eighteen years of age, and I am not a party to this action. I am employed by Klee, Tuchin, Bogdanoff & Stern LLP, and my business address is: 1880 Century Park East, Suite 200, Los Angeles, California 90067-1698. Klee, Tuchin, Bogdanoff & Stern LLP employs a member of the bar of the State of California at whose direction this service was made.

On March 10, 2003, I served the following pleading:

**NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING AND APPROVING: (A) ADEQUACY OF "DEBTORS' DISCLOSURE STATEMENT REGARDING JOINT PLAN OF REORGANIZATION (DATED MARCH 10, 2003)"; (B) FORM, SCOPE, AND NATURE OF SOLICITATION, BALLOTING, TABULATION, AND NOTICES WITH RESPECT THERETO; AND (C) RELATED CONFIRMATION PROCEDURES, DEADLINES, AND NOTICES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BOYD HENDRICKSON IN SUPPORT THEREOF**

on the interested parties in this action by placing true and correct copies of the pleading with the United States Postal Service, enclosed in sealed envelopes, with postage fully paid, addressed as indicated on the attached list.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED on March 10, 2003, at Los Angeles, California.

Yvonne Alamillo, Declarant

Debtors
Fountain View, Inc.
Attn: Roland Rapp
27442 Portola Parkway, Suite 200
Foothill Ranch, CA 92610

J.S. Trustee
Office of the United States Trustee
Attn: Joseph Caceres, Esq.
Ernst & Young Plaza
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

Securities Exchange Commission
5670 Wilshire Bouelvard, 11th Floor
Los Angeles, CA 90036

Counsel/Creditors Committee–via FED EX
Carole Neville, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, NY 10020-1089

Counsel to Creditors' Committee
Michael Lubic/Christopher Prince
Sonnenschein Nath & Rosenthal
601 S. Figueroa St, Suite 1500
Los Angeles, CA 90017-5704

Counsel to Bondholders–via FED EX
Akin Gump Strauss Hauer & Feld LLP
Attn M. Stamer/J. Savin
590 Madison Avenue
New York, NY 10022

Counsel to Bondholders
Akin, Gump, Strauss, Hauer & Feld, LLP
Attn: Robert M. Aronson, Esq.
2029 Century Park East #2600
Los Angeles, CA 90067

Secured Lender
Bank of Montreal
Mark F. Spencer, Managing Dir.
601 South Figueroa Street, Suite 4900
Los Angeles, CA 90017

Counsel for the Secured Lenders
Chapman and Cutler
James E. Spiotto/Ann Acker
111 West Monroe Street
Chicago, IL 60603

Counsel for Bank Midwest, N.A.
Bryan Cave LLP
Sheldon Eisenberg, Esq.
120 Broadway, Suite 300
Santa Monica, CA 90401

Atty/Bank of Montreal
Pillsbury Winthrop LLP
Attn: Kenneth Russak, Esq.
725 S. Figueroa St, #2800
Los Angeles, CA 90017-5406

Indenture Trustee/20 Largest
State St Bank & Trust Co of CA N.A.
Attn. Corporate Trust Dept
633 W. Fifth St, 12th Fl
Los Angeles, CA 90071

Counsel for Indenture Trustee
Brown, Rudnick, Freed & Gesmer
Attn. Kevin Mallery, Esq.
City Place I, 185 Asylum St
Hartford, Ct. 06103

Attys to Heritage Partners LP
Choate, Hall & Stewart
Stephen Cohen/Charles Glerum
Exchange Place
53 State Street
Boston, MA 02109-2891

Counsel for Margaret Muccianti, et al.
Stephen M. Garcia, Esq.
Wilkes & McHugh
222 W. Sixth St, #780
San Pedro, CA 90731

Internal Revenue Service
Special Procedures Function
Collection Division
Rm 4062 Federal Bldg. (Stop 5022)
300 N. Los Angeles St
Los Angeles, CA 90012

UCC Party
Union Bank of CA, N.A.
As Admin & Syndication Agent
445 S.Figueroa St, 16th Fl
Los Angeles, CA 90017

UCC Party
Union Bank of California, N.A.
18300 Von Karman Ave, #200
Irvine, CA 92612

UCC Party
Bank of Montreal, As Agent
115 South LaSalle St
Chicago, IL 60603

UCC Party
Robert & Sheila Snukal
8489 W. 3rd Street #101
Los Angeles, CA 90048

UCC Party
Robert & Sheila Snukal
Locomotion Therapy, Inc.
10284 Century Woods Dr
Los Angeles, CA 90067

UCC Party
Consolacion Padama
8489 W. 3rd Street, #1001
Los Angeles, CA 90048

UCC Party
Manuel Padama
8489 W. 3rd Street #1001
Los Angeles, CA 90048

UCC Party
HLFC Group
35 S. Raymond Ave., Ste. 206
Pasadena, CA 91105

UCC Party
Cal Fed Credit
25 E. Anapamu St., 3rd Flr.
Santa Barbara, CA 93101-2704

UCC Party
Calif Thrift & Loan
P. O. Box 1199
Santa Barbara, CA 93102-1199

UCC Party
Garnet & Co.
P.O. Box 92165
Pasadena, CA 91109-2165

UCC Party
Garnett & Co.
35 S. Raymond Ave., #206
Pasadena, CA 91105-1931

UCC Party
Western Bank
1251 Westwood Blvd.
Los Angeles, CA 90024-4811

UCC Party
Bank of the West
1450 Treat Blvd.
Walnut Creek, CA 94596

UCC Party
Shackelford Incorporated
10900 Northwest Fwy., Ste. 103
Houston, TX 77092

UCC Party
Safeco Credit Co. Inc.
dba Safeline Leasing
10915 Willows Rd. NE
Redmond, WA 98052

UCC Party
Norwest Financial Leasing, Inc.
1700 Iowa Ave., Ste. 240
Riverside, CA 92507

UCC Party
First Nat'l Bank of Chicago/Agent
1 First National Plaza, 8th Flr., #0091
Chicago, IL 60670

UCC Party
Harris Trust & Savings Bank, Coll Agent
Attn: Indenture Trust Admin
311 W. Monroe St, 12th Fl
Chicago, IL 60606

UCC Party
Minolta Business Systems Inc.
POB 728
Park Ridge, NJ 07656

UCC Party
Fleet Leasing Corp
P.O. Box 7023
Troy, MI 48007

UCC Party
FUL Incorporated
100 Corporate North
Bannockburn, IL 60015

UCC Party
Standard Restaurant Equip
2922 East McDowell Road
Phoenix, AZ 85008

UCC Party
Ikon Office Solutions
2090 Woodward
Austin, TX 78744

UCC Party
Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-0001

UCC Party
Employment Develop Dept
P.O. Box 826880
Sacramento, CA 94280-0001

UCC Party
Mellon First United Leasing
100 Corporate North
Bannockburn, IL 60015

UCC Party
IRS – Los Angeles
300 N. Los Angeles St., Rm 1216
Los Angeles, CA 90012

UCC Party
Master Lease Corp.
One Presidential Blvd.
Bala Cynwyd, PA 19004-1017

UCC Party
Chemical Trust Co. of CA
Attn  Corporate Trust Depart
300 South Grand Ave., 4th Floor
Los Angeles, CA 90071

UCC Party
Hans Henry Helley, Jr., As Trustee
300 S, Grand Ave., 4th Fl
Los Angeles, CA 90071

UCC Party
Delight Gunnarsson
Locomotion Therapy, Inc.
10284 Century Woods Drive
Los Angeles, CA 90067

UCC Party
Gundi Gunnarsson
Locomotion Therapy, Inc.
10284 Century Woods Drive
Los Angeles, CA 90067

UCC Party
AmerisourceBergen Drup Corp.
Financial Services Dept.
POB 5910
Orange, CA 93813-5910

UCC Party
Wallace Moir Co.
130 El Camino
Beverly Hills, CA 90212-2705

UCC Party
The Great West Life Assurance Co.
60 Osborne St. North
Winnipeg, Manitoba
Canada  R3C 1V3

Member of Unsecured Creditors' Committee
Twin Med, Inc.
Steve Rechnitz, President/CEO
4646 Hampton Street
Vernon, CA 90058

Member of Unsecured Creditors' Committee
Pharmacy Support Services
Attn  Andrew F. Torok, Esq.
27071 Aliso Creek Road, Suite 100
Aliso Viejo, CA 92656

Member of Unsecured Creditors' Committee
U.S. Food Service
Attn  Mark H. Speiser
9755 Patuxent Woods Drive
Columbia, MD 21046

Member Unsec Creditors' Committee
Service Employees Int'l Union, AFL-CIO
Andrew L. Stern, Int'l. President
1313 L Street, N.W.
Washington, D.C. 20005

Member Unsec Creditors Committee
SEIU Local 399, AFL-CIO
Atn Jorge Rodriguez, Ex Sec
1247 W. 7th St
Los Angeles, CA 90017

20 Largest
Intercare Insurance Services
Attn  Mike Silcox
3010 Lava Ridge Court #200
Roseville, CA 95661

20 Largest
Intelistaf Healthcare
1900 Spring Rd #515
Oak Brook, IL 60523

20 Largest
Aseterth Medical Services
Attn Teresa Taylor
1224 E. Green St 2nd Fl
Pasadena, CA 91106

20 Largest
Symphony Mobilex
Attn Mary Johnson
920 Ridgebrook Rd
Sparks, MD 21152

20 Largest
Foley & Lardner
Jonathon E. Cohn, Esq.
2029 Century Pk East, 35th Fl
Los Angeles, Ca  90067-3000

20 Largest/Member of Unsecured Creditors'
Committee
Culver Dairy, Inc., dba Dairy King
Attn Allan Dalfen, President/CEO
815 Thompson Avenue
Glendale, CA 91201

20 Largest
Floor Covering Design Specialists
13006 E Philadelphia, # 509
Whittier, CA  90601

20 Largest
Nestle USA
Attn William T. Ferioli, Esq.
800 N. Brand Blvd
Glendale, CA 91203

Request for Special Notice
Atty to State St Bank & Trust
Buchalter, Nemer, Fields & Younger
Attn:  R. Soref/ B. Seigel
601 S. Figueroa St, #2400
Los Angeles, CA  90017-5704

Request for Special Notice/Member of
Unsecured Creditors' Committee
Waltz Medical Specialties, Inc.
Attn:  Phyllis Waltz
4520 E. Eisenhower Circle
Anaheim, CA  92807

Request for Special Notice
Attys/AmerisourceBergen Drip Corp.
Henrichs Law Firm
Attn: Alan W. Forsley, Esq.
835 Wilshire Blvd #300
Los Angeles, CA  90017

Request for Special Notice
Attys/Tranquilino & Raynaldo Mendoza
and Brenda Low/Harlan Estate
David Marks/The Marks Firm
10000 Memorial Dr, #760
Houston, TX  77024

Atty to Jefferson County
Linebarger Goggan Blair Pena & Sampson
Attn Clayton Mayfield, Esq.
1148 Park Street
Beaumont, TX  77701-3614

20 Largest
Jackson Walker LLP
100 Congress Ave, Ste 1100
Austin, TX  78701-9722

20 Largest
US Foodservice, Inc.
Attn Linda Fitzgerald
80 International Dr., Ste. 200
Greenville, SC  29615

20 Largest
Sysco Food Services
Attn: Jim Peightal
20701 E. Currier Road
Walnut, CA  91789

20 Largest
Starmed Staffing Group
Attn: Brandi Hubert
7737 Forsyth Blvd #1700
Clayton, MO  63105

20 Largest
Healthcare Design & Supply
6217 Rimbank Ave
Pico Rivera, CA  90660

Request for Special Notice
Attys/Jackson Walker LLP
Jackson Walker LLP
Attn: C. Wade Cooper
100 Congress Ave, #1100
Austin, TX  78701

Request for Special Notice
Attys/Floor Covering Design
Attn:  Steven L. Bergh
Prenovost Normandin Bergh & Dawe
2122 N. Broadway, #200
Santa Ana, CA  92706-2614

Request for Special Notice
Attys/Brenda Low/Harlan Estate
Floyd, Isgur, Rios & Wahrlich
Marvin Isgur/Patrick Griffin
700 Louisiana, Suite 4600
Houston, TX  77002-2732

Request for Special Notice
Attys/Twin Med
Alan J. Stomel, Esq.
369 S. Doheny Dr #374
Beverly Hills, CA  90211

Atty/New Braunfels ISD/Bexar Cty
Linebarger Goggan Blair
Pena & Sampson LLP
711 Navarro #300
San Antonio, TX  78205

20 Largest
Vencare Ancillary Services
680 S 4th Ave 5th Fl
Louisville, KY  40202

Member of Unsecured Creditors' Committee
Mediq
Attn Alan Einhorn, Esq.
1 Mediq Plaza
Pennsauken, NJ  08110

20 Largest/Member of Unsecured Creditors'
Committee
Ancillary Provider Service
Attn:  Cora
5416 Jillson Street
Commerce, CA 90040

20 Largest
Diagnostic Laboratories
Attn:  Don Goldberg
1111 S. Central Ave
Glendale, CA  91204

Global Crossing
PO Box 741276
Cincinnati, OH  45274-1276

Request For Special Notice
Amelia Tovar
Wise Senior Serv Ombudsman
255 S. Hill St, Rm 406
Los Angeles, CA  90012

Request for Special Notice
Atty/Ancillary Provider Services
Law Office of Baruch C. Cohen
4929 Wilshire Blvd, #940
Los Angeles, CA 90010

Request for Special Notice
Radcliff Frandsen Dongell & Lawrence
Jules G. Radcliff, Jr.
707 Wilshire Blvd, 45th Fl
Los Angeles, CA  90017

Req Spec Not/Atty-Arkansas /Round Rock ISD/
McMallenCity/Lavaca Cty/Live Oak/New
Braunfels
Lori Robertson/David G. Aelvoet,
Linebarger Goggan Blair Pena & Sampson
1949 South IH 35
Austin, TX  78741

Request for Special Notice
Mark Schreiber, Esq.
16501 Ventura Blvd, #401
Encino, CA  91436-2068

Request for Special Notice
Atty/State St Bank
Steven B. Levin, Esq.
Brown Rudnick Freed & Gesmer
One Financial Center
Boston, MA 02111

Request for Special Notice
Attys/Sysco Foodservice/Citicorp Vendo
Financer
Hemar Rousso & Heald LLP
Attn: Kenneth G. Lau
15910 Ventura Blvd, 12th Fl
Encino, CA 91436-2829

Req Spec Not/US Dept of Health &
Human Svcs. Ctrs  Medicare/Medicaid
Suzanne K. Yurk
Ass't Regional Counsel
Health Care Financing Admin
50 United Nations Plaza #420
San Francisco, CA 94102

Request for Special Notice
Todd Andrews
3924 Park Place No. 20
Montrose, CA 91020

Req Spec Not
Bill Angelowitz
Daily Insights
225 West 34th St #403
New York, NY 10122

Req for Special Notice
L.Degroat/C.Geller/Heirs DeGroat Estate
The Williams Firm
Attn: Stephen N. Williams
2467 Calder Ave
Beaumont, TX 77702

Req for Spec Notice
Atty/Asereth Medical Services Inc.
Paul B. Nesbitt, Esq.
Nesbitt & Associates
9601 Wilshire Blvd, #828
Los Angeles, CA 90210

Req for Spec Not/John Przybyla
Provost Umphrey Law Firm
Attn: J. Fisher/M.Sparks
490 Park Street
Beaumont, TX 77704

Req Spec Not/Atty for McIlroy Estate
Gray.Hart LLP
Attn: Jay K. Gray
2419 Highway 121
Bedford, TX 76021

Req Spec Not/Atty HPH Associates
Hardy & Atherton, P.C.
Attn Jerry L. Atherton
909 ESE Loop 323, Suite 750
Tyler, TX 75701

equest for Special Notice
State St Bank Trust Co/Global Inv Serv
Corp Trust
Robert C. Butzier
2 Ave de Lafayette, 6th Fl
Boston, MA 02102-0778

Request for Special Notice
Jonathan Mitchell, President
2828 Roanoke Lane
Tyler, TX 75701

Request for Special Notice
Holly E. Kendig, Esq.
O'Melveny & Myers LLP
400 South Hope St
Los Angeles, CA 90071-2899

Req Spec Not/Atty  County of Comal
Michael Reed, Esq.
McCreary Veselka Bragg & Allen PC
Post Office Box 26990
Austin, TX 78755

Req for Spec Not/IOS Capital,Inc.
Rosa Dominy, Bankruptcy Admin
IOS Capital, Inc.
1738 Bass Road
Post Office Box 13708
Macon, GA 31208-3708

Req for Sped Not
Atty/Meridian/Lloyd's/Great Lakes
Musick Peeler & Garrett LLP
Attn:  Richard S. Conn
624 S. Grand Ave #2000
Los Angeles, CA 90017

Req for Spec Notice
Co- Def Atty to Nandlal Patel MD
Wright & Kidwell PC
Attn: Matt Catalano
505 N. Big Spring #300
Midland, TX 79701

Req for Spec Not/John Przybyla
Kelly Lytton & Vann LLP
Attn: Herbert Katz, Esq.
1900 Ave of the Stars #1450
Los Angeles, CA 90067

Req Spec Not/Atty for Covenant Care
Pharmacy Support Services
c/o Andrew Torok, Gen Counsel
27071 Aliso Creek Rd #100
Aliso Viejo, CA 92656

Req Spec Not/Atty Osburn Estate
Noteboom & Parker
Attn: Dina K. Madison
669 Airport Freeway, #100
Hurst, TX 76053

Request for Special Notice
Attys/Robert & Sheila Snukal
Milbank Tweed Hadley & McCloy LLP
Attn  G.Bray/F. Nuefeld
601 S. Figueroa St, 30th Fl
Los Angeles, CA 90017

Req Spec Not/US Dept of Health &
Human Svcs. Ctrs  Medicare/Medicaid Svcs.
Assistant U.S. Attorney
J.Gordon/L.Weidman/C.Bauer
300 N. Los Angeles St #7516
Los Angeles, CA 90012-9834

Request for Special Notice
Atty/Fayette County Appraisal Dist
Tom Banks, Esq.
Perdue, Brandon, Fielder, Collins & Mott
POB 144344
Austin, TX 78714-4344

Req Spec Not Atty/Eleanor Fleming
Houck & Balisok
Attn:  Russell S. Balisok, Esq.
PO  Drawer 8170
Universal City, CA 91618-8170

Req for Spec Not/Atty for
Superior Nat'l Ins Co In Liquidation
Carole Runcie Sherman, Esq.
26541 Agoura Road
Calabasas, CA 91302

Req for Spec Notice
Dennis Simon
Crossroads LLC
9 Executive Circle, Suite 190
Irvine, CA 92614

Co-Counsel/Estate of Esther George
Weinstein Eisen Weiss & Rothschild LLP
Attn: Sharon Z. Weiss
1925 Century Park East #1150
Los Angeles, CA 90067-2712

Req Spec Not/Atty for Mildred Gaines
Bain, Files, Jarrett & Bain
109 West Ferguson
PO Box 2013
Tyler, TX 75710

Req Spec Not/AttyM. Muccianti
Rein Evans & Sestanovich LLP
Attn: Byron Z. Moldo/Patrick Fraioli
1925 Century Park East, 16th Fl
Los Angeles, CA 90067

Req Spec Not/Atty to Comal and
Taylor Counties/Abilene
Attn Michael Reed, Esq.
McCreary Veselka Bragg & Allen
PO Box 26990
Austin, TX 78755-0990

Req Spec Not
AT&T Corp
Attn: Judith Archer, Esq.
295 N. Maple Ave, Rm 1128M1
Basking Ridge, NJ 07920

Spec Not Req/Atty for Quinn
Gerald Treece
South Texas College of Law
1303 San Jacinto
Houston, TX 77002

Spec Not Req/Atty to Shepard Estate
Perkins Coie LLP
Attn: Steven G.F. Polard
1620 26th St, 6th Fl
Santa Monica, CA 90404

Spec Not Req/Atty to So Desert Clinic Pharm e
tal
Irell & Manella
Jeffrey Reisner/Ravi Flanagan
840 Newport Center Dr, #400
Newport Beach, CA 92660-6324

Spec Not Req/O'Burton Estate
Law Office Jeffrey H. Rasansky
Attn Davette J. Speer, Paralegal
3811 Turtle Creek Blvd #1640
Dallas, TX 75219

Spec Not Req/Atty Lloyds, et al
Kristi Weiler Dean, Esq.
Law Office Kristi Weiler Dean
6345 Balboa Blvd
Office Park II Suite 230
Encino, CA 91316-1525

Spec Not Req/Atty to Riverside Cty
Paul McDonnell – Treasurer/Tax Collector
Attn Maria O'Neil
County of Riverside
P.O. Box 12005
Riverside, CA 92502-2205

Spec Not Req/Regan Capital I, Inc.
Regal Capital I, Inc.
Attn Elliot H. Herskowitz
PO Box 626 Planetarium Station
New York, NY 10024-0540

Spec Not Req/Atty to May
Sorrell Anderson Lehrman Maixner Ridulfo
711 N. Carancahua, #1200
Corpus Christi, TX 78475

Spec Not Request
Tyler & Wilson
Attn Francesca Brotman-Orner
6500 Wilshire Blvd #125
Los Angeles, CA 90048

.eq Spec Not
Sun Healthcare Group, Inc.
Alicy Nystel Page, Esq.
101 Sun Ave NE
Albuquerque, NM 87109

Spec Not Req/Atty for the Bradys
Nunley Davis Jolley & Hill LLP
Attn: William A. Brant, Esq.
1580 S. Main St, Suite 200
Boerne, TX 78006

Spec Not Req/Atty Gates McDonald Gibbons
#120515 Gates McDonald fka Gibbons Co
Seals & Tenenbaum, APC
Attn: Jay M. Tenenbaum, Esq.
2323 W. Lincoln Ave, #127
Anaheim, CA 92801

Spec Not Req
Southern Desert Clinic Pharmacy
27071 Aliso Creek Road
Aliso Viejo, CA 92656

Spec Not Req/Atty to Andrews-Beseda
Law Offices of Dean W. Greer
2929 Mossrock, Suite 105
San Antonio, TX 78230

Spec Not Req/Atty TX Human Resources
Flora A. Fearon, Asst Atty Gen of TX
Bankruptcy & Collections Div
P.O. Box 12548
Austin, TX 78711-2548

Spec Not Req/Atty to Amer Express
SVCS Co Inc Corp Card
c/o Becket & Lee LLP
PO Box 3001 Dept. AC
Malvern, PA 19355-0701

Spec Not Req/TX Comptroller
John Mark Stern
Ass't Atty General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548

Spec Not Request
Leonard & Catherine May
7433 FM 70
Bishop, TX 78343

Spec Not Request
Griffin & Griffin
Attn Michael J. Griffin III
1314 Texas Ave, Suite 1305
Houston, TX 77002-3515

Spec Not Req/Atty for O'Quinn
Charles Soechting
O'Quinn, Laminack & Pirtle
400 West Hopkins, Suite 101
San Marcos, TX 78666

Spec Not Req/Atty for Anna Louis Daniels
Clarkson, Gore & Marsella
Attn: Scott C. Clarkson, Esq.
3424 Carson Street, Suite 350
Torrance, CA 90503

Spec Not Req/Atty for Summit Care TX
Leonard A. Goldman, Esq.
Law Office of Leonard A. Goldman
1900 Ave of the Stars, #1800
Los Angeles, CA 90067

Spec Not Req/Atty to GE Cap
Glass & Goldberg
Attn Marshall F. Goldberg
21700 Oxnard St, #430
Woodland Hills, CA 91367-3665

Spec Not Req/Atty Lloyds, London et al
J. Sheldon Capeloto
McKinley & Capeloto
2 North Lake Ave #640
Pasadena, A 91101-1868

Spec Not Req/Atty to Susan Fleishman
Law Office of Marc Lieberman
Attn Marc Lieberman/Karie Kaiser
1875 Century Park East, #2200
Los Angeles, CA 90067-2523

Spec Not Req/Atty to G. Scurlock
Attn J. Wayne Little
Riley Dornburg Little & Wham
220 W. Davis
Conroe, TX 77301

Spec Not Req/Atty to E. Zolla
Good Wildman Hegness & Walley
Attn John A. Stillman, Esq.
5000 Campus Drive
Newport Beach, CA 92660

Spec Not Request Atty to Baylor Health
Haynes & Boone LLP
900 Main St, Suite 3100
Dallas, TX 75202

Spec Not Request
Atty to AIES Ins Co
Law Offices of James Rogers
Attn: Gordon R. Levinson, Esq.
125 So. Highway 101, Suite 101
Solana Beach, CA 92075

Spec Not Request
Atty to Calwest Industrial Properties
Glen Dresser, Esq.
12650 Riverside Dr #100
North Hollywood, CA 91607

Attoneys for the Estate of Carol Prophet,
Deceased Steven T. Gubner, Esq.
Ezra, Brutzkus & Gubner
16830 Ventura Blvd, Suite 411
Encino, CA 91436

Attorney for Medicom, Inc.
Vincent M. Lentini, Esq.
600 Old County Road, Suite 202
Garden City, NY 11530

Attorneys for Ken Kerr
Robert Brumfield, Esq.
Price & Brumfield
841 Mohawk Street, Suite 200
Bakersfield, CA  93309