**ORIGINAL**

1 of 2

1  DANIEL J. BUSSEL (State Bar No. 121939),
2  MICHAEL L. TUCHIN (State Bar No. 150375),
   LAURA L. BUCHANAN (State Bar No. 156261), and
3  BRENDT C. BUTLER (State Bar No. 211273)
   KLEE, TUCHIN, BOGDANOFF & STERN LLP
4  2121 Avenue of the Stars, 33rd Floor
5  Los Angeles, California 90067-5061

6  Reorganization Counsel for
   Skilled Healthcare Group, Inc., f/k/a Fountain View,
7  Inc. and the Reorganized Enterprise

8  Skilled Healthcare Group, Inc.'s Mailing Address
9  27442 Portola Parkway, Suite 200
   Foothill Ranch, CA 92610

10

> FILED
> SEP - 9 2005
> CLERK U.S. BANKRUPTCY COURT
> CENTRAL DISTRICT OF CALIFORNIA
> BY _____ Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
11  **CENTRAL DISTRICT OF CALIFORNIA**
    **LOS ANGELES DIVISION**
12

13  In re:

14  **FOUNTAIN VIEW, INC.,** a Delaware
    corporation, *et al.*,
15

16

17                              Debtors.

18

Case No.:  LA 01-39678BB through
           LA 01-39697BB
And        LA 01-45516 BB;
           LA 01-45520 BB; and
           LA 01-45525 BB
(Jointly Administered under Case No.
LA 01-39678BB)
Chapter 11
[Pleading Applies To All Cases]

19  **NOTICE OF MOTION AND**
20  **MOTION TO EXTEND LAST DATE**
    **FOR TIMELY FILING**
21  **OBJECTIONS TO PROFESSIONAL**
    **LIABILITY CLAIMS;**
22  **MEMORANDUM IN SUPPORT**
    **THEREOF; DECLARATION OF**
23  **ROBERT FANCY**
24                        <u>Hearing</u>

25  DATE:   October 5, 2005
    TIME:   10:00 a.m.
26  PLACE:  Courtroom 1475
            Roybal Federal Building
27          255 E. Temple Street
            Los Angeles, CA 90012
28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1880 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067-1698
(310) 407-4000

74515.1

1

## NOTICE OF MOTION

2    **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES**

3    **BANKRUPTCY JUDGE; THE CLAIMANTS SUBJECT TO THE MOTION; AND**

4    **ANY PARTIES ENTITLED TO SPECIAL NOTICE:**

5    PLEASE TAKE NOTICE that on October 5, 2005, at 10:00 a.m., or as soon thereafter

6    as counsel may be heard, a hearing will be held before the Honorable Sheri Bluebond on the

7    annexed *Motion to Extend Last Date for Timely Filing Objections to Professional Liability*

8    *Claims* (the "Motion") filed by the Reorganized Enterprise[1] in the above-captioned

9    substantively consolidated chapter 11 cases.  You should carefully review the Motion to

10   determine whether you hold a claim that may be affected by the Motion.

11   PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(a)(7)

12   requires that any objection, joinder, or response to the Motion must be in writing; must be

13   accompanied by supporting evidence; must comply with Local Bankruptcy Rule 9013-1; and

14   must, no later than September 21, 2005, be filed with the Court at the following address:

15   United States Bankruptcy Court
     Attn:  Clerk of the Court
16   300 North Los Angeles Street
     Los Angeles, California 90012
17

18   <u>and</u> served on the Reorganized Enterprise's attorneys at the following address:

19   Klee, Tuchin, Bogdanoff & Stern LLP
     Attn: Laura L. Buchanan, Esq.
20   2121 Avenue of the Stars, 33rd Floor
     Los Angeles, California 90067-5061
21

22   ///

23   ///

24   ///

25   ///

26

27

28   _____
     [1]  "Reorganized Enterprise" means Skilled Healthcare Group, Inc., and all of its direct and indirect
     subsidiaries.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

1  **Letters or telephone inquiries do not satisfy the requirement for a timely written**

2  **objection or response.**  Local Bankruptcy Rule 9013-1(a)(11) states that, if you do not

3  timely file and serve an objection or response, the Court may find that you have consented to

4  the relief requested in the Motion.

5

6  DATED:  September *1*, 2005

7  LAURA L. BUCHANAN, a Member of

8  KLEE, TUCHIN, BOGDANOFF & STERN LLP
   Reorganization Counsel for Skilled Healthcare Group, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33rd FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

79502_1                                    3

## MOTION TO EXTEND LAST DATE

## FOR FILING OBJECTIONS TO PROFESSIONAL LIABILITY CLAIMS

Pursuant to the terms of the *Debtors' Third Amended Joint Plan of Reorganization dated April 22, 2003* (the "Plan," as modified and confirmed pursuant to the Confirmation Order),[2] the Reorganized Enterprise[3] hereby moves for entry of an order extending the last date for timely filing objections to professional liability claims.[4]

This *Motion to Extend Last Date for Timely Filing Objections to Professional Liability Claims* (the "Motion") is based on the Memorandum of Points and Authorities attached hereto, the Declaration of Robert Fancy attached hereto, the record in this case, including the pleadings and documents filed on behalf of the parties, the arguments and representations of counsel, and any oral or documentary evidence presented at or prior to the time of the hearing.

By the Motion, the Reorganized Enterprise respectfully requests that the Court enter an order:

(1)    Fixing May 5, 2006 as the last day for timely filing of objections to all professional liability claims, without prejudice to the right of the Reorganized Enterprise to seek further extensions;

(2)    Providing that the Reorganized Enterprise has properly reserved its rights to assert any and all objections to any of the claims that are subject to this Motion or to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-

///

///

---

[2]   Except as otherwise defined herein, capitalized terms have the meaning ascribed to them in the Plan.

[3]   "Reorganized Enterprise" means Skilled Healthcare Group, Inc., together with all of its direct and indirect subsidiaries.

[4]   A list of known proofs of claim asserting professional liability claims that have not been withdrawn or appropriately amended is attached to the Declaration of Robert Fancy as Exhibit A. Should the Reorganized Enterprise become aware of additional professional liability claims subject to the objection deadline, it will promptly serve such claimants with notice.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33rd FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

1    transfer actions, or any other bankruptcy or nonbankruptcy claims against the claimants

2    whose claims are the subject of this Motion; and

3         (3)     Granting the Reorganized Enterprise any other relief that the Court deems just

4    and appropriate.

5

6

7    DATED: September ⅄ 2005           Respectfully Submitted,

8

9

10                                 LAURA L. BUCHANAN, a Member of

11                                 KLEE, TUCHIN, BOGDANOFF & STERN LLP

12                                 Reorganization Counsel for Skilled Healthcare Group,

13                                 Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33ᴿᴰ FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      This Memorandum of Points and Authorities is submitted in support of the *Motion*

3  *For Order To Extend Last Date for Timely Filing Objections to Professional Liability*

4  *Claims* (the "Motion") filed concurrently herewith by the Reorganized Enterprise pursuant to

5  the terms of the *Debtors' Third Amended Joint Plan of Reorganization dated April 22, 2003*

6  (the "Plan," as modified and confirmed pursuant to the Confirmation Order).[5]  By the

7  Motion, the Reorganized Enterprise seeks to extend the last date on which to timely file

8  objections to professional liability claims[6] to May 5, 2006 without prejudice to the right of

9  the Reorganized Enterprise to seek further extensions.

10      **A. Jurisdiction.**

11      The court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and

12  1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The Court expressly

13  retained jurisdiction with respect to the allowance of claims pursuant to the terms of the Plan

14  and the Confirmation Order.  See Plan at Art.VI.C.1; Confirmation Order at ¶ 31.

15      **B. Background.**

16      On October 2, 2001, Fountain View, Inc. and nineteen of its subsidiaries filed

17  voluntary petitions under Chapter 11 of the Bankruptcy Code.  On November 28, 2001,

18  voluntary Chapter 11 petitions were filed for three additional Fountain View, Inc.

19  subsidiaries. On July 10, 2003, the Bankruptcy Court entered its *Order Confirming Debtors'*

20  *Third Amended Joint Plan of Reorganization dated April 22, 2003 and Authorizing*

21  *Substantive Consolidation* (the "Confirmation Order").  The Effective Date of the Plan

22  occurred on August 19, 2003.

23

24

25

---

26  [5]  Except as otherwise defined herein, capitalized terms have the meanings ascribed to them in the
     Plan.

27  [6]  A list of known proofs of claim asserting professional liability claims that have not been
     withdrawn or appropriately amended is attached to the Declaration of Robert Fancy as Exhibit A.

28  Should the Reorganized Enterprise become aware of additional professional liability claims
     subject to the objection deadline, it will promptly serve such claimants with notice.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33rd FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

1    **C. The Professional Liability Claims.**

2        The claims register in the Fountain View Chapter 11 cases at its peak included 367

3    professional liability claims in an aggregate amount of approximately $1.587 billion, all of

4    which were initially disputed and unliquidated.  See Declaration of Robert Fancy at ¶ 7.  As

5    of August 19, 2005, there remain twenty three (23) unliquidated, non-duplicative

6    professional liability claims that are subject to the ADR Procedures.  Five additional

7    professional liability matters are currently pending in state court and are no longer stayed

8    pursuant to the injunction provided in the Confirmation Order.  The Reorganized Enterprise

9    continues to believe that to the extent that valid professional liability claims exist, its

10   insurance and reserves remain adequate to satisfy those claims.

11       Under the Plan, all claimants asserting disputed or unliquidated professional liability

12   claims are subject to the discharge injunction under the Confirmation Order that requires

13   compliance with the Plan's ADR Procedures (the "ADR Injunction").  These claimants must

14   comply with the ADR Procedures prior to seeking to modify the ADR Injunction to allow

15   them to proceed with any state court action. The Reorganized Enterprise has been and

16   continues to be willing to attempt to facilitate insurance-funded settlements through

17   mediated or unmediated settlement discussions.

18       Pursuant to the terms of the Plan and the Confirmation Order, the Reorganized

19   Enterprise and its insurers and various intermediaries have spent a great deal of effort

20   reviewing and evaluating and attempting to resolve through a variety of avenues numerous

21   proofs of claim and requests for allowance of administrative expense that have been filed

22   with the Bankruptcy Court that relate to insured claims under the Debtors' professional

23   liability and workers' compensation policies.   In accordance with the Plan and the

24   Confirmation Order, the great majority of those claims have been successfully liquidated and

25   resolved through the ADR Procedures approved by the Court or through the ordinary

26   litigation and administrative processes relating to professional liability.

27       In May 2004 this Court first extended the last date for timely filing objections to

28   timely filed claims from May 19, 2004 to November 1, 2004 in light of the success of the

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

1  ADR Procedures and pending proceedings in nonbankruptcy judicial or administrative fora
2  in dramatically reducing the number of remaining professional liability and workers
3  compensation claims without the necessity of any further intervention by this Court.  At that
4  time, approximately 73 professional liability claims remained unresolved and 13 workers
5  compensation remained on the claims register.  Subsequently, the Court entered its *Order*
6  *Extending Last Date for Timely Filing Objections to Professional Liability and Workers*
7  *Compensation Claims*, which extended the objection deadline to April 15, 2005 for both
8  professional liability and workers compensation claims, and its *Order Extending Last Date*
9  *for Timely Filing Objections to Professional Liability* ("Third Extension Order"), which
10 extended the objection deadline for remaining unliquidated and disputed professional
11 liability claims to October 31, 2005.

12      At the time the Reorganized Enterprise requested the last extension, there remained
13 twenty nine (29) unliquidated non-duplicative professional liability claims that were subject
14 to the ADR Procedures, and four professional liability matters were pending in state court.
15 The ADR Procedures have continued to result in further claims resolution, so that as of
16 August 19, 2005 only twenty three (23) unliquidated, non-duplicative professional liability
17 claims currently are subject to the ADR Procedures, and five additional professional liability
18 matters are currently pending in state court and are no longer stayed pursuant to the
19 injunction provided in the Confirmation Order.  The Reorganized Enterprise expects to
20 liquidate the vast majority of those remaining claims through the ADR Procedures or
21 otherwise in pending proceedings in nonbankruptcy judicial or administrative fora.

22      While it remains possible that it will be necessary to invoke the claims adjudication
23 processes of this Court to finally allow and determine some number of the remaining
24 professional liability claims, it has not been necessary to invoke that jurisdiction thus far, and
25 it is probable that most, if not all, of the remaining claims can be resolved through the still-
26 pending nonbankruptcy processes that have successfully dealt with the large number of
27 similar claims.  The Reorganized Enterprise believes these remaining professional liability
28 claims are likely to be settled or satisfied through available insurance.   The Reorganized

1    Enterprise submits that there is no reason, other than the looming objection deadline, to

2    invoke the bankruptcy claims adjudication process with respect to the remaining claims at

3    this time as the nonbankruptcy processes are moving forward as contemplated by the Plan

4    and the Confirmation Order.   Under these circumstances, it is proper with respect to these

5    claims for the Court to exercise the power expressly reserved in the Plan and the

6    Confirmation Order to extend the objection deadline.

7         **D. Argument.**

8         As an initial matter, a proof of claim is generally *prima facia* allowable.   Bankruptcy

9    Code section 502, however, authorizes a debtor to object to claims, and Article IV.H of the

10   Plan expressly authorizes the Reorganized Enterprise to object to claims on behalf of the

11   Debtors.[7]   Pursuant to the Plan and the Third Extension Order, the "last day for timely filing

12   of objections to all professional liability claims . . . is October 31, 2005," Third Extension

13   Order ¶ 1, and the Reorganized Enterprise has the right to seek, by noticed Motion, a further

14   extension of the last date for filing a timely objection to any of the professional liability

15   claims.   Third Extension Order ¶ 3.

16        Under the Plan, this Court retained jurisdiction over the claims adjudication process

17   and the Reorganized Enterprise was granted authority to object to and otherwise deal with

18   claims.   *See* Article IV.H and Article VI.C of the Plan.   Article VI.C of the Plan provides that

19   the Court retained jurisdiction to, *inter alia*:

20        "1.   Allow, disallow, determine, liquidate, classify, establish the priority or secured
             or unsecured status of, estimate, or limit any Claim, Interest, or Administrative
21           Claim, and with respect to Claims based on personal injury or wrongful death,
             continue to enforce the ADR Procedures; . . .
22        4.   Ensure that distributions to holders of Allowed Claims, Administrative Claims,
23           and Interests are accomplished pursuant to the provisions of the Plan;
        5.   Resolve any and all applications, motions, adversary proceedings, and other
24           matters involving the Debtors that may be pending on the Effective Date or that may
             be instituted thereafter in accordance with the terms of the Plan;
25        6.   Enter such orders as may be necessary or appropriate to implement or
26

27
────────────────
28   [7]   Article IV(H) of the Plan states that "[a]fter the Effective Date, only the Reorganized Enterprise
         shall have the authority to file, settle, compromise, withdraw, or litigate to judgment objections
         to Claims and Interests."

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33rd FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

1    consummate the provisions of the Plan and all contracts, instruments, releases, and
2    other agreements or documents entered into in connection with the Plan;
      7.      Resolve any and all controversies, suits, or issues that may arise in connection
3    with the consummation, interpretation, or enforcement of the Plan or any person's
      rights or obligations in connection with the Plan; . . .[and]
4    9.      Issue injunctions, enter and implement other orders, or take such other actions
5    as may be necessary or appropriate to enforce the Plan or restrain interference by any
      entity with consummation or enforcement of the Plan; . . . ."

6

7            Generally, "[t]here is no bar date or deadline for filing objections." *In re Kolstad*, 928

8    F.2d 171, 174 (5th Cir.), *cert. denied*, 502 U.S. 958 (1991); *see also Ashford v. Consolidated*

9    *Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 225 (B.A.P. 9th Cir.

10   1995) *citing In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992) and *Kolstad*, 928 F.2d

11   171, 174, *supra* ("Rule 3007 provides that an objection shall be in writing and filed with the

12   bankruptcy court, and a copy of the objection with notice of a hearing shall be mailed to the

13   claimant at least 30 days prior to the hearing."). The Plan, however, set a deadline for filing

14   objections to claims unless the objection deadline was extended by the Court. *See* Article

15   IV.H of the Plan.

16           The time to file an objection to a claim may be enlarged pursuant to Rule 9006, before

17   it has expired, for "cause shown." See Fed. R. Bankr. P. 9006(b)(1). This requires a

18   showing of "some cause" and is a matter of discretion for the court, which should be "liberal

19   in granting extensions of time sought before the period to act has elapsed" so long as the

20   moving party has not been negligent, acted in bad faith or abused the privilege of extensions.

21   10 *Collier on Bankruptcy* ¶ 9006.06[2], at 9006-14 (15th ed. rev'd 2002). By contrast, a

22   showing of excusable neglect is required if such an enlargement is sought after the time for

23   removal has expired. *Collier, supra,* ¶ 9006.06[3] at 9006-14.

24           The Reorganized Enterprise submits that the Court should at this time extend the

25   objection deadline for professional liability claims to May 5, 2006 without prejudice to the

26   right of the Reorganized Enterprise to seek further extensions for cause. An extension of

27   this length should enable the Reorganized Enterprise and its insurers to make significant

28   additional progress in liquidating and allowing the remaining pre-confirmation professional

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33rd FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

1    liability claims through the ADR Procedures and the other judicial and administrative

2    avenues available for the final determination of these claims. Undoubtedly, numerous claims

3    will be fully and finally resolved through those alternative processes. The extent to which

4    any remaining claims or issues need to be determined by this Court with respect to

5    professional liability claims is, at best, uncertain, and litigating claims objections to such

6    claims is premature at this time. It is possible that the vast majority of the remaining claims

7    will be resolved consensually and within applicable insurance limits and, if thereafter proofs

8    of claim that do not reflect such resolutions remain on the claims register or court docket,

9    that the Reorganized Enterprise will be able to file an omnibus objection motion objecting to

10   such claims in a manner that conserves the resources of the Reorganize Enterprise, the

11   claimants and the Court. Rather than forfeit any objections, however, if the deadline is not

12   extended, the Reorganized Enterprise would be compelled to file objections to each and

13   every claim that remains disputed and unliquidated at this time. Failing to extend the

14   deadline under these circumstances would unnecessarily impose significant burdens on both

15   this Court and the parties and potentially undermine the alternative processes that have so far

16   successfully resolved a majority of these claims.

17       **E. Conclusion.**

18       For the foregoing reasons, the Reorganized Enterprise respectfully requests that the

19   Court grant the Motion and extend the last date for timely filing of objections to professional

20   liability claims as provided in the Motion.

21

22   DATED: September 8, 2005

23                                            LAURA L. BUCHANAN, a Member of
                                              KLEE, TUCHIN, BOGDANOFF & STERN LLP
24                                            Reorganization Counsel for Skilled Healthcare Group,
                                              Inc.
25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

## DECLARATION OF ROBERT FANCY

I, Robert Fancy, declare as follows:

1.      I am over 18 years of age.  Except as otherwise indicated, if called as a witness, I could and would competently testify to the matters set forth herein.

2.      Since December 2, 2002, I have been the Vice President of Risk Management and Insurance to Skilled Healthcare, LLC, and its predecessors, Fountain View, Inc. and its chapter 11 debtor affiliates, the debtors and debtors in possession in the above-captioned chapter 11 reorganization cases (collectively, the "Debtors").  I report to Roland Rapp, General Counsel and Chief Administrative Officer of Skilled Healthcare, LLC.  In that capacity, one of my principal responsibilities is to assist Roland Rapp, General Counsel and Chief Administrative Officer of Skilled Healthcare, LLC, in the handling of certain litigation and all insurance matters. My responsibilities include assisting Mr. Rapp in the evaluation of all existing and future matters regarding certain litigation, insurance coverage, insurance carriers, third party administrators, brokers, and the administration and pursuit of current and future legal and insurance matters.

3.      I submit this declaration in support of the Reorganized Enterprise's *Motion to Extend Last Date for Filing Objections to Professional Liability Claims* (the "Motion").

4.      Except as otherwise indicated, I have personal knowledge of the matters set forth herein based upon my first hand experience or upon my review of business records under my control.  These records were created at or near the time by, or from information transmitted by, a person with knowledge and kept in the course of regularly conducted business activity in accordance with regular business practices.

///

///

///

///

///

///

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

1    5.    I have reviewed, and I am familiar with, the Motion, the *Debtors' Third*

2    *Amended Joint Plan of Reorganization dated April 22, 2003* (the "Plan"),[8] and the *Order*

3    *Extending Last Date for Timely Filing Objections to Professional Liability and Workers*

4    *Compensation Claims* ("Third Extension Order") that extended the last date for timely filing

5    objections to such claims to October 31, 2005.

6    6.    I, along with members of the Reorganized Enterprise's accounting staff under

7    my supervision, have reviewed Reorganized Enterprise's (and the Debtors') books and

8    records, their Schedules, and many of the claims filed against the Debtors' estates.

9    7.    The Reorganized Enterprise's records, the claims register maintained by Berger

10   & Associates, Inc. and the Court's claim registers in the Debtors' cases reflect the filing or

11   attempted filing of 367 professional liability claims in an aggregate amount of approximately

12   $1.587 billion; such amount does not include proofs of claim that did not assert a specific

13   amount. All of these claims were initially disputed and unliquidated.  All but 28 of these

14   matters have been fully and finally resolved through insurance funded settlements at a small

15   fraction of the claimed amounts.  A list of known pending proofs of claim that assert

16   professional liability claims and have not been withdrawn or appropriately amended is

17   attached hereto as Exhibit A. Currently, there remain twenty three (23) unliquidated, non-

18   duplicative professional liability claims that are subject to the ADR Procedures.   Five

19   additional professional liability matters are currently pending in state court and are no longer

20   stayed pursuant to the injunction provided in the Confirmation Order.   I believe that to the

21   extent that valid professional liability claims exist, the Reorganized Enterprise's remaining

22   insurance and reserves remain adequate to satisfy those claims.

23   8.    My staff and I have analyzed the Reorganized Enterprise's books and records

24   regarding the time required for resolving professional liability claims under the ADR

25   Procedures, and I have concluded that the time required for the claimants asserting

26   ///

27

28
_____

[8] Except as otherwise defined herein, capitalized terms have the meaning ascribed to them in the
Plan.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33rd FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

1   professional liability claims to complete the ADR Procedures will extend beyond October

2   31, 2005. In my judgment, substantial additional progress can be made in resolving these

3   remaining claims by May 5, 2006 through the ADR Procedures.

4          I declare under penalty of perjury under the laws of the United States of America that

5   the foregoing is true and correct to the best of my information, knowledge, and belief

6          Executed on this 8th day of September, at Foothill Ranch, California.

7

8   ROBERT FANCY

9

10

11

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33rd FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
(310) 407-4000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iManage_79502_1 (4)                              14