ORIGINAL

LODGED
SEP - 5 2007

FILED
SEP - 7 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            Deputy Clerk

ENTERED
SEP 10 2007
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            Deputy Clerk

MICHAEL L. TUCHIN (State Bar No. 150375)
DANIEL J. BUSSEL (State Bar No. 121939)
LAURA L. BUCHANAN (State Bar No. 156261)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone:   (310) 407-4000
Facsimile:   (310) 407-9090

Reorganization Counsel for Skilled Healthcare Group, Inc.

Debtors' Mailing Address
27422 Portola Parkway, Suite 200
Foothill Ranch, CA 92610

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Fountain View, Inc. et al.,<br><br>Debtors. | Case No(s).: LA 01-39678 BB through<br>LA 01-39697 BB; and<br><br>LA 01-45516 BB;<br>LA 01-45520 BB; and<br>LA 01-45525 BB<br><br>(Jointly Administered under Case No. LA 01-39678 BB)<br><br>Chapter 11<br><br>**STIPULATION WITH NORMA SARKIN; ORDER THEREON**<br><br>**No Hearing Required** |

Stip re Discharge Injunction

## STIPULATION

This Stipulation ("Stipulation") is entered into by and between Skilled Healthcare Group, Inc., f/k/a Fountain View, Inc. (as reorganized pursuant to the *Debtors' Third Amended Joint Plan of Reorganization dated April 22, 2003* (the "Plan"),[1] hereinafter referred to as "Skilled Healthcare"), and Norma Sarkin (the "Claimant" or "Sarkin"), as follows:

## RECITALS

A.  On October 2, 2001 (the "Petition Date"), Fountain View, Inc. and nineteen of its affiliates filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). On November 28, 2001, voluntary chapter 11 petitions were filed for three additional affiliates of Fountain View, Inc. On July 10, 2003, the Bankruptcy Court entered its *Order Confirming Debtors' Third Amended Joint Plan of Reorganization dated April 22, 2003 and Authorizing Substantive Consolidation* (the "Confirmation Order"). The Effective Date of the Plan occurred on August 19, 2003.

B.  The Claimant asserts claims against certain of the Debtors (the "Sarkin Claims") alleging that they failed to meet the applicable standard of care with respect to maintenance of Alexandria Care Center.

C.  On or about August 29, 2002, in these cases the Claimant filed Proof of Claim No. 1313.

D.  Skilled Healthcare, the Debtors and the Reorganized Enterprise[2] dispute the claims asserted by Sarkin in their entirety. On April 13, 2005, the Reorganized Enterprise filed a motion objecting to Proof of Claim No. 1313 (among other claims), and the Court entered an order on May 25, 2005 denying the motion without prejudice, reserving the

---

[1] Except as otherwise defined herein, capitalized terms have the meaning ascribed to them in the Plan.

[2] Under the Plan, "Reorganized Enterprise" means Skilled Healthcare together with all of its direct and indirect subsidiaries.

Stip re Discharge Injunction                                           1

parties' rights to assert the same or additional theories, objections, defenses or other arguments, and providing for mediation of the Sarkin Claim pursuant to the ADR Procedures.

E. The Reorganized Enterprise is authorized to implement approved alternative dispute resolution procedures in accordance with the Plan and the Confirmation Order. Pursuant to 11 U.S.C. § 362(a), filing of any state court action by the Claimant against any Debtor (the "State Court Action") was stayed prior to the Effective Date. Since the Effective Date, the stay pursuant to 11 U.S.C. § 362(a) is no longer in effect, and pursuant to and in furtherance of the discharge injunction ("Discharge Injunction") provided for in the Joint Plan and the Confirmation Order pursuant to Bankruptcy Code section 1141, the State Court Action has been enjoined from proceeding except in conformity with the discharge provision of section 1141(d) of the Bankruptcy Code and the Plan through the ADR Procedures or, as applicable, the Bankruptcy Code's claim adjudication process.

F. Pursuant to the terms of the Order Establishing Alternative Dispute Resolution Procedures (the "ADR Order"), entered on the court docket June 17, 2002, the Plan, and the Confirmation Order, the ADR Procedures have been exhausted with respect to the Sarkin Claims and the Discharge Injunction should be lifted solely to permit the liquidation of the Sarkin Claims as set forth herein.

G. As a result of the substantive consolidation of the Debtors' estates pursuant to the Plan and the Confirmation Order,[3] (a) for purposes of liquidating the Sarkin Claims, the

---

[3] The Confirmation Order ¶ 37 [Docket No. 1754] provided:

"As of the Effective Date [August 19, 2003], the assets, claims and affairs of the Debtors and the Estates shall be substantively consolidated. As a result of the substantive consolidation, on the Effective Date, all property, rights and claims of the Debtors and the Estates and all Claims against the Debtors and the Estates shall be deemed pooled for purposes of allowance, treatment and distributions under the Joint Plan. Further, as a result of this substantive consolidation, all claims between and among the Debtors and the Estates shall be cancelled. Holders of Allowed Claims shall be entitled to only one satisfaction on account of such Claims, and any contingent or otherwise duplicative Claims against one or more Debtor based upon claims for which one or more of the Debtors are also liable shall be disallowed."

Stip re Discharge Injunction                    2

sole proper defendant in the State Court Action is Defendant "Substantively Consolidated Bankruptcy Estates of Fountain View, Inc. and Related Debtors" which is the successor in interest to all the Debtor entities and their respective Estates, including without limitation Fountain View, Inc. (b) Alexandria Care Center, LLC is authorized to act as the representative of Defendant "Substantively Consolidated Bankruptcy Estates of Fountain View, Inc. and Related Debtors" in the State Court Action and (c) duplicative or multiple claims by Sarkin against the Debtors and their Estates have been disallowed.

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING AND OTHER GOOD AND VALUABLE CONSIDERATION, SKILLED HEALTHCARE AND THE CLAIMANTS AGREE AS FOLLOWS:**

1. Upon entry of an order of the Bankruptcy Court approving this Stipulation (the "Approval Order"), the parties agree that the Discharge Injunction shall be modified to permit Sarkin to proceed to liquidate in California state court (including any appellate court of competent jurisdiction) the Sarkin Claims solely against Defendant "Substantively Consolidated Bankruptcy Estates of Fountain View, Inc. and related Debtors." Sarkin may nonduplicatively assert each cause of action against Defendant "Substantively Consolidated Bankruptcy Estates of Fountain View, Inc. and Related Debtors." Notwithstanding that prior to the Debtors' substantive consolidation multiple Debtor entities or their respective Estates may have been jointly, severally, or jointly and severally liable to Sarkin as joint tortfeasors, or by statute, or on alter ego, veil piercing, respondeat superior, guarantor, joint and several liability, or other similar theories, to the extent that any liability is imposed against any corporate defendant, which is a successor to any Debtor, for reasons other than that specific defendant's primary acts or failures to act or that would be duplicative, such claims are disallowed. Accordingly, Sarkin shall be entitled only to a single satisfaction as to each cause of action against Defendant "Substantively Consolidated Bankruptcy Estates of Fountain View, Inc. and Related Debtors."

2. Alexandria Care Center, LLC is authorized to act in the State Court Action as the representative of Defendant "Substantively Consolidated Bankruptcy Estates of Fountain View, Inc. and Related Debtors."

3. Absent further order of this Court modifying the Discharge Injunction, Sarkin may not assert additional or different claims against the Debtors, their respective Estates, or Alexandria Care Center, LLC as the representative of the Substantively Consolidated Bankruptcy Estates of Fountain View, Inc. and related Debtors.

4. Skilled Healthcare acknowledges that Proof of Claim No. 1313 filed by Sarkin was timely filed and, to the extent any portion of it becomes an Allowed Claim, it will be treated as set forth in the Plan. However, the Reorganized Enterprise disputes both liability for and amount of such claim.

5. Other than as expressly provided herein, the Claimant agrees not to file any other proofs of claim related to the Sarkin Claims against any of Skilled Healthcare, the Reorganized Enterprise, the Debtors or their estates; any and all such additional claims filed by or on behalf of the Claimant against Skilled Healthcare, the Reorganized Enterprise, the Debtors and/or their estates shall be disallowed; Skilled Healthcare or any of its affiliates may obtain an order disallowing such a claim upon the filing of an application that includes a copy of the additional claim to be disallowed, a copy of the order approving this stipulation and a proposed form of order of disallowance.

6. Other than as expressly provided herein, the Discharge Injunction will remain in full force and effect.

Dated 8/30, 2007

Steven R. Fox, Esq.
Law Office of Steven R. Fox
17835 Ventura Blvd #306
Encino, CA 91316
Counsel for Norma Sarkin

Dated 9/5, 2007

Stip re Discharge Injunction

4

Laura L. Buchanan, Esq., a Member of
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Reorganization Counsel for
Skilled Healthcare Group, Inc.

## ORDER

The foregoing Stipulation is incorporated herein as the Order of the Court and hereby is APPROVED.

DATED: 9/7/07

THE HONORABLE SHERI BLUEBOND

UNITED STATES BANKRUPTCY JUDGE

Stip re Discharge Injunction

5

## **PROOF OF SERVICE**

I declare that I am over eighteen years of age and that I am not a party to this action. My business address is 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067-6049.

On September 5, 2007, I served a true and correct copy of the following document(s) on the parties indicated on the attached list by using the method indicated below:

**STIPULATION WITH NORMA SARKIN; ORDER THEREON**

☒ **By First-Class Mail**: I am readily familiar with the business practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the document(s) listed above was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the above-referenced document(s) were placed into the envelopes, the envelopes were sealed and addressed as set forth on the attached list and, with postage thereon fully prepaid, the envelopes were placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

☐ **By Personal Service**: I caused such envelopes to be delivered by hand to the addresses indicated on the attached list.

☐ **By Overnight Courier**: I caused the above-referenced document(s) to be delivered by overnight courier service for delivery as indicated on the attached list.

☐ **By Facsimile Machine**: I personally caused the above-referenced document(s) to be transmitted to the person(s) and at the telecopy number(s) indicated on the attached list. I confirmed that the intended recipient received the transmission either:

☐ By reviewing the transmission report(s) that the facsimile machine generated; or

☐ By contacting the recipient(s) by telephone at the telephone number(s) number indicated on the attached list.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that this declaration was executed at Los Angeles, California on September 5, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Apryl C. Bond*
Apryl C. Bond

## SERVICE LIST

Joseph Caceres, Esq.
Office of the U.S. Trustee
Ernst & Young Plaza
725 S. Figueroa Street, 26th Fl.
Los Angeles, CA 90017

Roland G. Rapp, Esq.
Skilled Healthcare, LLC
27442 Portola Parkway, Suite 200
Foothill Ranch, CA 92610

Norma Sarkin
c/o Marvin Shapiro
Rose, Klein & Marias
801 S. Grand Ave., 18th Fl.
Los Angeles, CA 90017

Norma Sarkin
c/o Steven R. Fox
Law Offices of Steven R. Fox
17835 Ventura Blvd., Ste. 306
Encino, CA 91316

Norma Sarkin
2244 N. Edgemont St.
Los Angeles, CA 90027

98831.1

Main Document    Page 9 of 10

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do **not** file this form as a separate document.*

| In re<br>FOUNTAIN VIEW, INC., a Delaware corporation, et al.<br><br>Debtor. | CHAPTER  11<br><br>CASE NUMBER  LA 01-39678-BB (Jointly administered) |
|---|---|

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
# AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*:

   STIPULATION WITH NORMA SARKIN; ORDER THEREON

   Was entered on *(specify date)*:

   **SEP 10 2007**

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*:

   **SEP 10 2007**

Dated:  **SEP 10 2007**

JON D. CERETTO
Clerk of the Bankruptcy Court

By: _____
      Deputy Clerk

---

*Rev. 1/01*  This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.        **F 9021-1.1**
98827.1

## SERVICE LIST

Laura L. Buchanan, Esq.
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067

Joseph Caceres, Esq.
Office of the U.S. Trustee
Ernst & Young Plaza
725 S. Figueroa Street, 26th Fl.
Los Angeles, CA 90017

Roland G. Rapp, Esq.
Skilled Healthcare, LLC
27442 Portola Parkway, Suite 200
Foothill Ranch, CA 92610

Norma Sarkin
c/o Marvin Shapiro
Rose, Klein & Marias
801 S. Grand Ave., 18th Fl.
Los Angeles, CA 90017

Norma Sarkin
c/o Steven R. Fox
Law Offices of Steven R. Fox
17835 Ventura Blvd., Ste. 306
Encino, CA 91316

Norma Sarkin
2244 N. Edgemont St.
Los Angeles, CA 90027

98831.1